BENJAMIN S. CHINN, Appellant, v. SYLVANUS WAGONER, Respondent.

St. Louis Court of Appeals, June 4, 1887.

1. EQUITY—CONVEYANCES—CONTRACT TO REMOVE INCUMBRANCE.—In an action for damages for a failure to discharge an incumbrance, the plaintiff may recover such damages as are the necessary, natural, and proximate result of the breach complained of.

2. ——— MEASURE OF DAMAGE.—Upon proof that the plaintiff was evicted as a result of the defendant's failure to discharge the incumbrance, the measure of damage is the purchase price paid and wholly lost.

3. ——— EQUITABLE RELIEF.—In such an action, upon proof that the property was lost to the plaintiff by reason of the defendant's breach, the plaintiff is entitled to have cancelled, notes given for deferred payments of the purchase price of the land in controversy.

APPEAL from the Greene County Circuit Court, JAMES R. VAUGHAN, Judge.

*Reversed and remanded.*

RATHBUN, TRAVERS & RATHBUN, for the appellant: This suit is based upon the agreement of the defendant, contained in his deed, to satisfy the Ullmann deed of trust, and fraud in failing to satisfy it, and selling the land subject to it, and not for breach of the covenant against an incumbrance, and there is a broad difference between a contract to discharge or acquit from a debt, and one to discharge or acquit from damage by reason of it. 2 Sutherland on Damages, pp. 329 and 330. This is a covenant to pay the Ullmann debt. *Shelton v. Pease,* 10 Mo. 473; *Thomas v. Allen,* 1 Hill, 146; *Post v. Jackson,* 17 Johns. 239. It is not necessary in this case that the plaintiff should have been evicted, or that he should first pay the Ullmann mortgage. *Scoby v. Finton,* 39 Ind. 275, and cases cited; *Merritt v. Wells,* 18 Ind. 171; *Johnson v. Britton,* 23 Ind. 105; *Manchan v. Smith,* 10 Ohio St. 384; *Ex Parte Negres,* 7 Wend. 499; *Webb v. Pond,* 19 Wend. 423; *Deval v. McIntosh,* 23 Ind. 529. The covenant must be performed according to the intention of the parties. In this case the plaintiff and the defendant both understood that the defendant was to satisfy the Ullmann mortgage at once, and release the land from it; this is the covenant. *Marvin v. Stine,* 2 Cow. 780; *Bull v. Follett,* 8 Cow. 170.

J. T. WHITE, for the respondent: A covenant to pay a preëxisting debt, no time being mentioned, means that payment shall be made when the debt becomes due. *Butler v. Maurry,* 52 Mo. 497; 2 Parson on Cont. 535; *Studwell v. Terret,* 4 Bosw. 520; *Brown v. Brown,* 1 West. Rep. 128. The general rule is, that no right of action accrues on covenants against incumbrances in favor of the vendee of land, until he has suffered an

ouster, or has been compelled to extinguish the incumbrance. *Hunt v. Marsh*, 80 Mo. 396 ; *Taylor v. Priest*, 21 Mo. App. 685 ; Rawle on Covenants, 134 ; 2 Sutherland on Damages, 311. And the damages claimed to have been suffered by the plaintiff are entirely too remote to warrant a recovery. Sedgwick on Damages, 112 ; *Jones v. Nathop*, 1 Atlantic Rep. 435 ; *Pitcher v. Livingston*, 4 Johns. 10. The authorities clearly sustain the court below in determining that it is merely a covenant against damages, and damages must be proven before recovery can be had. *Griswold v. Shelleck*, 15 N. W. Rep. 151 ; *Linder v. Lake*, 6 Iowa, 164 ; *Leonard v. Bishop*, 42 Wis. 470 ; *Wilson v. McEvoy*, 25 Cal. 169 ; 2 Sedgwick on Damages (7 Ed.) 12 and 13, note *a ; Myers v. Roderick*, 5 Atlantic Rep. 652, 664 ; *Ewing v. Reiley*, 34 Mo. 113. The deed of the defendant and the deed of trust executed at the same time by the plaintiff, constitute an entire contract. The covenants in both were mutual and dependent, and the plaintiff could not recover until he showed performance of his part. 2 Wait's Act. & Def., p. 363, sect. 2, and cases cited ; *Cunningham v. Morrel*, 10 Johns. 203 ; *Tomkins v. Elliot*, 5 Wend. 496, cases cited, and note.

Rombauer, J., delivered the opinion of the court.

This action is founded upon the following facts alleged in the plaintiff's petition :

The plaintiff, in January, 1884, bought of the defendant a tract of land for two thousand dollars, of which sum he paid five hundred and sixty dollars in cash and property, and executed his notes for the residue secured by deed of trust on the premises, of which notes the amount of one hundred and fifty dollars was subsequently paid, making the entire payment seven hundred and ten dollars.

The tract thus purchased was part of a larger tract, and such larger tract was, at the date of the purchase, subject to another record incumbrance by mortgage to

one Ullmann, for fifty-five hundred dollars, of which, the sum of three thousand dollars remained unpaid at the date of the trustee's sale hereinafter mentioned. The deed from the defendant to the plaintiff was a deed of warranty with statutory covenants, containing a special covenant and agreement to pay off and discharge this prior incumbrance of fifty-five hundred dollars. The plaintiff avers that he bought the land upon the express agreement by the defendant that the Ullmann incumbrance was to be paid off presently; that he paid the cash and executed the notes on the faith of such agreement, and went into possession of the land, and made valuable improvements thereon.

The petition further states that the land was actually worth twenty-five hundred dollars, and that the plaintiff, but for the fact of the Ullmann mortgage remaining unsatisfied, could have sold it for that sum; that the defendant, with a design to cheat and defraud the plaintiff out of the purchase money paid, and improvements made on the land, failed and refused to satisfy the said Ullmann mortgage, at once, as he had agreed to do, and, thereafter, caused the lands to be sold for non-payment of some of the notes secured by the deed of trust given by the plaintiff, under the provisions of the said deed, and caused the same to be bought in by one of his relatives for the sum of eight hundred dollars, whereby the plaintiff lost the amount of purchase money paid by him, the value of his improvements, and the difference between the purchase money and the amount for which the plaintiff might have sold the lands, but for such incumbrance to Ullmann.

The petition, in its first count, prayed judgment for twelve hundred and eleven dollars, the damages thus suffered by the plaintiff, and in a second count prayed a decree that the notes given by the plaintiff for the deferred payments of the purchase money be surrendered up to him, or otherwise cancelled.

The defendant's answer was a general denial.

Upon the trial of the cause by the court, without a jury, the plaintiff gave evidence tending to substantiate the facts stated in his petition. The covenant and agreement, touching the Ullmann mortagage, was in the following language: "The premises are free and clear of any incumbrance done or suffered by them [the grantors], or those under whom they claim, except a certain mortgage dated in November, 1880, held by L. Ullmann, which we agree to satisfy."

The Ullmann mortgage secured ten notes, nine for five hundred dollars each, payable respectively January 1, 1881, and in two, three, four, five, six, seven, eight, and nine years after date, and one note for one thousand dollars, payable ten years after date. How many of these notes remained unpaid at the date of the defendant's deed to the plaintiff does not clearly appear. It did appear that the failure of the defendant to discharge this Ullmann mortgage was a serious injury to the plaintiff; that the plaintiff offered to pay his notes as they matured, provided the Ullman mortgage was discharged by the defendant, and offered to do so even when the lands were offered for sale under the deed of trust in the defendant's favor. The defendant denied that he ever agreed to discharge the Ullmann mortgage presently, but contended that his agreement was to discharge such mortgage only when the entire purchase money, including deferred payments, should have been fully paid to him by the plaintiff.

The court, upon the close of the evidence, rendered judgment for the plaintiff on the first count for nominal damages, and in the second count rendered judgment in favor of the defendant.

It will be seen that the first count of the plaintiff's petition contained an action at law for damages, while the second prayed equitable relief upon the facts therein stated. The view which the court took of the evidence appears only from the instructions given and refused, and its finding for the plaintiff on the legal cause of action for nominal damages.

Upon request of the plaintiff the court gave the following instruction, modifying the same by inserting at the close thereof the words contained in brackets, "and will render judgment for nominal damages only."

"If the court believes and finds, from the evidence, that the defendant agreed to satisfy the Ullmann mortgage at once and release the land sold to the plaintiff from the lien of said mortgage, and that, relying upon the covenant and promise of the defendant, the plaintiff paid to him a portion of the purchase money, and executed his notes and a deed of trust on the property purchased, and, relying upon said agreement to satisfy said mortgage, received said deed from the defendant and closed said trade; and if the court further finds that the defendant failed to satisfy said mortgage, but permitted the same to remain as an encumbrance on said property, and, whilst so remaining, proceeded to sell said real estate under the plaintiff's deed of trust to him, and, by said sale, the plaintiff has lost said real estate; and if the court further finds that the said Ullmann encumbrance prevented the plaintiff from mortgaging, selling, or disposing of said property, and prevented competition at said sale, and the defendant failed and refused to have said real estate released from said Ullmann deed of trust as aforesaid, then said acts upon the part of the defendant constitute a breach of the defendant's covenant and agreement to satisfy said Ullmann deed of trust or mortgage, and the court will find the issues for the plaintiff [and will render judgment for nominal damages only]."

And, also, gave the following instruction

"The court declares the law to be, that the agreement to satisfy said Ullmann mortgage, upon the part of the plaintiff, as expressed in said deed, no time being set forth when the same should be done, the law implies that it shall be done presently and without delay."

And, upon the request of the defendant, the court gave the following instructions:

"That, under the evidence and the pleadings, the plaintiff is not entitled to recover more than nominal damages."

"That the covenant sued on in this case is to satisfy the covenantor's own debt which was an encumbrance on the property sold by Wagoner to Chinn, and as the latter has paid nothing to remove it, nor been evicted by proceedings under the Ullmann mortgage, he can not, in this action, recover more than nominal damages."

"The covenant to satisfy the Ullmann mortgage, contained in the deed from Wagoner to Chinn, is a covenant of indemnity against damages from said mortgage, and not a covenant of indemnity against liability."

"The plaintiff can not recover except for such damages as are the natural, direct, and certain result of the act complained of, and in an action on a covenant against incumbrance, unless the plaintiff has removed the incumbrance, or suffered ouster under it, he can not recover, and damages resulting from loss of improvements or speculative profits, can not be considered even if the plaintiff had suffered ouster under the incumbrance."

It will be seen, from the action of the court upon the instructions, coupled with its finding for the plaintiff on the first count for nominal damages only, that the court found the facts and declared the law as follows :   (1) That the defendant had agreed to satisfy the Ullmann mortgage, presently, upon the making of his conveyance to the plaintiff.   (2) That the plaintiff could recover nominal damages only by the breach of this agreement.   The judgment rendered by the court, under the law declared by it, is not compatible with any other theory. Whether this view of the law is correct, is the only question presented for our consideration.

Counsel for both parties have argued the case before us on theories of the technical law applicable to covenants against incumbrances ; the one claiming that the plain-

tiff is not, under that law, entitled to substantial damages; while the other contends he is. Numerous cases have been cited to us in support of either view, but none of them seems to aid, materially, the solution of the difficulties of this case.

It may be conceded, under the authorities, that if the plaintiff had shown nothing more than the failure of the defendant to discharge the Ullmann mortgage, as agreed, his recovery would have been limited to nominal damages. The mere effect of a continuance of the incumbrance upon the land could not be estimated by a mere money standard, the plaintiff not being himself liable for the debt. But the plaintiff has shown more; he has shown an eviction. This eviction, it is true, was not under this mortgage, but it was, if the plaintiff's testimony is true, the result of its not being discharged, as agreed, by the defendant. Nor can we see how the defendant, who has, himself, brought about this eviction, by his own act, can, if the plaintiff's testimony is true, successfully maintain that it was not the proximate result of the breach of his own agreement.

In a somewhat analogous case, the supreme court of Ohio, in *Manahan v. Smith* (29 Ohio St. 391), says: "This is not a covenant as to the state of the title, but an agreement to do certain acts, for the plaintiff's benefit, within a special time. For the breach of such an executory contract, we know of no reason why the plaintiff should not be allowed to recover such damages as are the necessary, natural, and proximate result of the breach complained of. Such is certainly the general rule as to the measure of damages, and it would seem to rest upon principles of obvious justice."

It results that, in our view, this case has not been decided according to correct principles of law, and that the judgment must be reversed. If, upon a re-trial, the court should find that the loss of the plaintiff was caused by the concurrence of the defendant's default to comply with his agreement, as to the discharge of the

Ullmann mortgage, and the defendant's subsequent acts resulting in the plaintiff's eviction, the plaintiff will be entitled to recover substantial damages. The measure of his damages, in such event, is the purchase money which he paid and wholly lost. Upon the same state of facts, he is, also, entitled to the equitable relief prayed for in the second count of his petition.

The judgment is reversed and the cause remanded. Judge Thompson concurs ; Judge Lewis is absent.