BROWN v. BROWN, *Appellant.*

Division One, July 9, 1894.

124 79
83a 140
124 79
158 429
124 79
166 85
124 79
93a 1500

1. **Married Woman:** APPLICATION OF PAYMENTS: PROCEEDS. A married woman can direct the payment of the proceeds of crops raised on her lands on her debt and neither the husband without her written authority, nor the creditor, can apply them to a debt of the husband (R. S. 1889, secs. 6868, 6869).

2. **Creditor and Debtor:** APPLICATION OF PAYMENTS. A debtor may direct the application of payments to any one of several debts and it is only where no direction is given that the creditor can make the application.

3. **Land Contract:** DEFERRED PAYMENTS: INTEREST. Where a contract for the sale of land expressly exempts the vendee from interest on the deferred payments, these to be made within a reasonable time, no other demand having been made, the vendor's cross-bill to the vendee's bill for specific performance will start the running of interest on the sums due him.

4. ———: VENDOR'S LIEN: TAXES. A vendor having a lien on the land may pay delinquent taxes thereon and recover them as a part of the lien debt.

*Appeal from Ralls Circuit Court.*—HON. I. C. DEMPSEY, Special Judge.

REVERSED AND REMANDED.

*D. H. Eby* and *J. Thad Ray* for appellant.

(1) The court erred in applying the credit of $695.50 (representing the wheat transaction) on the purchase price of the farm. The farm in question not being the separate estate of the respondent, her husband was entitled to the possession of rents, profits and proceeds of the same, and having reduced the proceeds of said wheat crop to his possession by sale to the mill he had the right to apply the same on any indebtedness from him to appellant. *Dillenberger v. Wrisbery*, 10 Mo. App. 465; *Tillman v. Tillman*, 50 Mo. 40; *State ex rel. v. Macklin*, 41 Mo. App. 335; *Cooper v. Ord*, 60 Mo. 420; *Burns v. Bangert*, 16 Mo. App. 22. The rule enunciated in the above cases was not changed by the act of March 25, 1875, page 68. *Burns v. Bangert, supra.* (2) Should said act be held applicable to this case, then this credit of $695.50 should be allowed on said store account where appellant at the time applied same. *Leete v. Bank*, 115 Mo. 184. (3) The court erred in holding that appellant was not entitled to interest on the deferred payments. Appellant applied the payments on the open account between him and his brother. When a debtor owing several debts makes payment to a creditor, the creditor has a right to apply it to whatever debt he pleases. *Shortridge v. Pardee*, 2 Mo. App. 363; *Leete v. Bank*, 115 Mo. 184. (4) The court erred in holding that appellant was not entitled to interest on deferred payments on purchase price after same became due. (5) The court erred in excluding the tax receipt offered in evidence by appellant. A vendee of real estate in possession under a contract of sale is liable as between himself and the vendor, for all taxes assessed after the commencement of his possession, and the fact that by

the contract the vendor is bound to make him a warranty deed upon payment of purchase money does not change this rule. Anderson's Dict. of Law, title, Subrogee, p. 985; *Farber v. Purdy*, 69 Mo. 601; *Anderson v. Harwood*, 47 Mo. App. 660. Appellant in order to protect his lien as vendor was compelled to pay such taxes, and it would be inequitable to permit respondent to redeem without refunding the amount so paid. *Johnson v. Goldsby*, 32 Mo. App. 560; *Wolf v. Walters*, 56 Mo. 295; Bispham's Prin. of Equity [4 Ed.], sec. 151, p. 197.

*James P. Wood* for respondent.

(1) There was no error in the finding of the chancellor that the $695.50, proceeds of the sale of a crop of wheat, was paid to appellant as a part of the purchase price of the farm. (2) Both parties testified that the contract was that respondent was to have her own time in which to pay for the farm and that no interest was to be charged on the deferred payments. The payments were due at the convenience of respondent, or if this be not true they were certainly not due until a demand was made. The finding of the chancellor in this regard was in strict accord with all the evidence and is therefore right. Section 5972, Revised Statutes, 1889, has no application to the facts in this case. (3) There was no error in refusing to admit the tax receipt in evidence. Appellant testified that he paid this item of $15.20 taxes for the year 1876, but he did not state that he was ever requested to pay it. The payment by him, if ever made, was voluntary; the respondent, as vendee in possession under her contract of purchase, was liable for all taxes levied against the farm; it was not shown or attempted to be shown

that this item of taxes was a valid existing lien on the land in question, or that appellant was compelled to pay the same to protect his rights; his payment of this item being entirely voluntary on his part he was not entitled to introduce the receipt in evidence and the ruling of the court in this regard was not erroneous.

MACFARLANE, J.—This is a suit for the specific performance of a contract for the sale of a farm in Ralls county. Plaintiff is a married woman and charged in her petition that she purchased the farm of defendant by written contract, on the twelfth day of August, 1871, for which she agreed to pay $3,000, of which $1,500 was to be paid during the year 1872, but no time was fixed for the payment of the balance; that defendant agreed, when the whole amount should be paid, to make her a deed to the land, and that it was expressly agreed that no interest should be exacted on these payments.

She charged further that she paid on January 29, 1872, the sum of $1,500 as agreed, and further payments as follows: March 2, 1873, $425; March 1, 1875, $200; August 5, 1875, $695.50, and July 3, 1891, $179.50, making a total of $3,000. The contract was alleged to have been lost.

Defendant by answer admitted the execution of the contract, that its terms and conditions were substantially as charged, and that the payments of $1,500 and $179.50 were made but denied any other payments.

Defendant thereupon by way of cross petition charged the making of the same contract, admitted the two payments, and charged that the balance, viz., $1,320.50 was unpaid. He further charged that, after making the contract and after plaintiff went into possession thereunder, in order to protect the property and preserve his lien, he paid taxes on the land aggregating the sum of $246. He asked a foreclosure of his vendor's

lien for the amount due and interest including the amount of taxes paid.

Upon a trial, the court found that there was due defendant on the contract the sum of $625 without interest, and declared a lien upon the land for the amount, but made no order for a foreclosure and sale.

The principal question turned upon the finding of the court as to the amount that was due upon the contract. The first payment of $1,500 and the last one of $179.50 were not disputed. Plaintiff claimed three other payments, viz: March 2, 1873, $425; March 1, 1873, $200; August 5, 1875, $695.50. The last payment was credited by the court upon the contract. The other two the court permitted defendant to apply as a credit upon an account due from the husband of plaintiff to defendant. Plaintiff does not appeal and can not complain of the action of the court in this particular.

I.   It is not disputed that the item of $695.50 was the proceeds of wheat grown upon the farm. There can be no doubt that the money realized from the sale of the wheat belonged to the wife, and she therefore had the right to direct its application to the payment of her debt. R. S., secs. 6868, 6869. That she did direct her husband to apply it to the debt due for the purchase of the farm, is without doubt under the evidence. The husband, if he had desired to do so, had no right to divert the money from the purposes to which the wife directed that it should be applied. The rule is also well settled that the debtor has the right to direct the application of payments to any one of several debts, and it is only when no direction is given by him that the creditor can make the application. *Beck v. Haas,* 111 Mo. 264, and cases cited.

This payment was made after the married woman's act of 1875 went into effect (sec. 6869). That the hus-

band had no right to appropriate the money of his wife, without her written consent as required by said act, is beyond question. But the husband also testified that when he paid the money to defendant he directed him to apply it as a credit upon the debt owing by his wife for the purchase price of the farm. The finding of the chancellor as to this payment is sustained by the law and evidence.

II. The contract expressly exempted plaintiff from the payment of interest on deferred payments, and only required that these should be made in a reasonable time. Plaintiff's husband and defendant are brothers, and it is manifest that defendant had for years given great assistance to his brother and family. The easy terms of this contract were in perfect keeping with his previous acts of kindness and brotherly affection. It was clearly not intended that interest should be charged. Plaintiff and family had occupied the farm previous to the sale without the payment of rent.

In such a case as this, interest is not payable until demand of payment is made. After a reasonable time, within the meaning of the contract, had passed, defendant had the right to make demand of payment, and he would thereafter be entitled to interest.

There was no evidence of a demand of payment after a reasonable time had elapsed. There were some disputes as to the amount remaining unpaid, and of offers of compromise. These disputes grew out of differences of opinion as to whether the payments should be applied upon this debt or upon an account due defendant from the husband, but no such demand of payment was made as would start the running of interest until the answer was filed. R. S. 1889, sec. 5972; *Mott v. Purcell*, 98 Mo. 247. In the answer a specific sum was claimed as due, and a demand for interest thereon was made.

It was held in the case of *Mott v. Purcell, supra,* that personal service of process is a demand for the purpose of starting the running of interest. Filing a counterclaim on account, or making claim by offset for an amount due on contract, would have the same effect. We think defendant should have been allowed interest from the date of filing his answer, on the amount found to be due him.

III. It appeared from the evidence that on the twenty-fifth day of February, 1877, defendant paid the taxes on the land for the year 1876, amounting to $15.20. He asked that this amount should be charged to plaintiff as a lien on the land in addition to the purchase price.

There is no doubt that plaintiff, as vendee of the land, being in possession and enjoying the profits, was liable for the taxes. *Farber v. Purdy,* 69 Mo. 602. It has been held by this court that the payment of taxes of one man by another, without some request, express or implied, would be such a voluntary payment as would not support an action, unless the relation of mortgagor and mortgagee existed. *Horrigan v. Wellmuth,* 77 Mo. 545. And in that case it was also held that in case the mortgagee pay the taxes, in order to preserve the benefit of the lien of his mortgagor, "the claim must be enforced as a part of the mortgage debt, and can not be made the basis of an independent action against the mortgagor, as for money paid to his use."

We are unable to see that a distinction should be made between a mortgagee, and one holding a vendor's lien on land for the purchase money, in respect to his right to protect his interest in the land and preserve his lien. The lien of a vendor exists independent of any agreement between the parties and has ever been recognized and enforced by the courts. It is often as

valuable to the vendor, as a mortgage is to the mortgagee, and he should have the same right to protect and preserve it.

The lien of the state for taxes is paramount to the liens of individuals, whether created by contract, deed or operation of law. *Williams v. Hudson*, 93 Mo. 224; *Allen v. McCabe*, 93 Mo. 138. This tax was delinquent when paid by defendant, was a paramount lien on the land, and was bearing a high rate of interest, and defendant had the right to pay it in order to preserve his lien. Defendant does not attempt to recover the amount of this tax by an independent action but by his answer he asks for the enforcement of his vendor's lien including this tax as a part of the debt. We think he was in equity entitled to this relief.

Judgment reversed and cause remanded with directions to the circuit court to allow interest on $625, the amount found to be due on the contract, at six per cent., from the date of filing the answer. Also, to allow the item of $15.20 with like interest, and enter judgment for the amount in favor of defendant with a vendor's lien therefor, and an order of foreclosure and sale. The court should also direct that, in case the judgment be paid, without execution sale, defendant execute a sufficient deed to plaintiff, Mrs. Brown, for the land in question, within such time as the court may think reasonable, and providing that in case defendant fails to make and deliver the deed as required, all the right, title and interest of defendant in the land be vested in said plaintiff. All concur.