THE CAMPBELL GLASS & PAINT COMPANY, Respondent, v. THE DAVIS-PAGE PLANING MILL COMPANY et al., Appellants.

Kansas City Court of Appeals, May 4, 1908.

1. MECHANICS' LIENS: Application of Payments: Contractor: Subcontractor. Where a subcontractor deals with a single contractor who had different contracts going on at the same time, he is not bound to ascertain from what particular source the contractor realized the money with which he made payments, as he is not bound to keep an account of the money transactions of his contractor or the owner of the building nor has he a lien on any particular fund.

2. ———: ———: ———: ———. Payments made by an original contractor to a subcontractor without any application thereof by either party will be applied to the oldest items of the account.

Appeal from Jackson Circuit Court.—*Hon. Frank P. Walsh,* Special Judge.

AFFIRMED.

*J. C. Petherbridge* for appellants.

(1) The Davis-Page people paid the plaintiff, the Campbell people, between December 4, 1905, and February 24, 1906, $1,654.94, which was a general account and covered the amount in question. (2) The plaintiff was doing a general business with the Davis-Page people and had a general account with them and furnished material for a number of other jobs besides the one in question. The plaintiff did not know and could not tell, when money was paid it, from what job it came, nor to which job it was to be applied or credited. Hence, the plaintiff had no right to select out this particular piece of property, when the Davis-Page people became bankrupt, and seek to fasten a mechanic's lien upon it, when according to their own testimony and their own books they did not know whether the material that went into the job in question had been paid for or not. (3) The court erred in refusing to instruct the jury at the request of the defendants to the effect that if they found from the evidence that the Davis-Page people on the second day of February, 1906, received money from Pinaire & Tarry, on account of the job in question, and turned that money over, or a part thereof, to the plaintiff, they should deduct the amount so paid by the Davis-Page people to the plaintiff from the amount the plaintiff sued for and return a verdict for the balance only. (4) A payment by the owner or contractor to a subcontractor, without any direction as to its application, the law will apply it to those items for which the subcontractor has a lien right, and if suit is brought for the full amount claimed on the lien, such payment should be deducted from the total amount

claimed. Nelson v. Withrow, 14 Mo. App. 280. (5) Where a person furnishes material for a subcontractor for several different jobs, all of which are being constructed at the same time, and receives money from the subcontractor at different times during the construction of the work, and credits the same on the general account of the contractor, not knowing or caring from which job the money came, but mixes it and mingles it from all the different jobs, keeping no separate account of each job, as to the payments, and the subcontractor fails without paying in full, the person furnishing material cannot secure mechanic's lien for the unpaid balance, because he does not know to which job it belongs. Gauss v. Hussman, 22 Mo. App. 118.

*Karnes, New & Krauthoff* and *John N. Davis* for respondent.

(1) Plaintiff applied the payments where the law would have applied them had no application been made at all. The law is clearly laid down in the case of Gantner v. Kemper, 58 Mo. 567. The principle is supported in Estes v. Fry, 166 Mo. 70; Brown v. Brown, 124 Mo. 83; Beck v. Haas, 111 Mo. 268; Lumber Co. v. Christophel, 59 Mo. App. 83; McCune v. Belt, 45 Mo. 174; Goetz v. Piel, 26 Mo. App. 643. (2) The defendant cites the case of Gauss v. Hussman, 22 Mo. App. 118, which has to do with mingling lienable accounts with those accounts that are not subject to lien. To support this we cite Lumber Co. v. Christophel, 59 Mo. App. 80.

BROADDUS, P. J.—This is a suit to enforce a mechanics' lien on certain real property, situated in Kansas City, Missouri, for furnishing glass that went into a building erected thereon to the extent of $730. The defendant Raymond DuPay was the owner of the building at the time the material was furnished. The defendants Pinare & Tarry were the original con-

tractors; the defendants the Davis-Page Planing Company had a subcontract with the original contractors to furnish the millwork and the glass for the building, and in turn they let the contract to the plaintiff to furnish the glass. The plaintiff furnished the glass during the latter part of December, 1905, and in January, 1906. At the same time they were furnishing glass to the Davis-Page Company who were engaged on a number of other contracts. The general contractors, Pinare & Tarry, paid the Davis-Page Company on February 2, 1906, $674.40, the balance which they owed them, and on the same day the latter turned over $500 of that money to the plaintiff.

The plaintiff during the progress of the work received from the Davis-Page Company various sums of money, viz.: On December 28, 1905, $300; on January 13, 1906, $300; on February 2, $500; and on February 24, $554.94, in the aggregate $1,654.94. Thereafter the Davis-Page Company went into bankruptcy owing the plaintiff $1,461.91 for material furnished on various contracts including a part of the one in question. At the trial the court refused to permit the original contractors, Pinare & Tarry, to show that the $500 payment made by the Davis-Page Company on February 2, 1906, was money which came from Pinare & Tarry on the contract they had for the building on Grand avenue upon which it was seeking to enforce its lien. When the $500 was paid by the Davis-Page Company the plaintiff credited that company on the part of its indebtedness then due, which included no part of the debt in controversy. There was no direction from the latter to apply it on any particular indebtedness. The debt sued on was a specific charge against the Grand avenue building.

The court gave specific instruction that the jury return a verdict for $730 with interest, if they find that the plaintiff is entitled to enforce its lien against the

real estate described. The jury returned a verdict in accordance with the instructions upon which judgment was rendered from which defendants appealed.

The contention of the appellants is that as plaintiff mixed the money received from all the different contracts and kept no separate account of each job as to payments he was not entitled to secure a mechanics' lien for unpaid balance because it did not know to which job it belonged. In support of this view of the case we are referred to the case of Gauss v. Hussman, 22 Mo. App. 115. But it has no application to the question whatever. That applies to a case where there was such a mingling of items for which the law gave no lien with those for which a lien may be had that they could not be separated upon a mere inspection of the account. There is no complaint that in this case there was any such mingling of items.

The argument is, however, that if there can be no lien where there is such a commingling of items it ought to be true, also, that where one furnished materials for several jobs and is receiving during the time money from all and does not know from which job it comes but mixes and mingles it all together and is unable to separate it, no lien should be allowed. We are not impressed with the soundness of the argument. If plaintiff's dealings had been with different contractors the accounts with each should have been kept separate. We do not think, however, where the dealings were with a single contractor who had different contracts going on at the same time that he was bound to ascertain from what particular contract the contractor realized the money with which he made payments. No such burden is imposed by the statute. He was not required to keep an account of the money transactions of his contractor and the original contractor, or the owner of the building. He had no lien on any particular fund.

The other contention of defendant is: "A payment

by the owner or contractor to a subcontractor, without any direction as to its application, the law will apply it to those items for which the subcontractor has a lien right, and if suit is brought for the full amount claimed on the lien, such payment should be deducted from the total amount claimed." To support this proposition we are cited to the case of Nelson v. Withrow, 14 Mo. App. 270. And such is the holding in that case. In that case, however, the owner of the building had paid seven hundred dollars to the subcontractor, who was seeking to enforce his lien, and as it turned out that this sum was greater than the amount for which he was entitled to a lien the court directed that the payment be directed first to its discharge, instead of applying it to that part of the account for which no lien existed. We do not think the facts of the case bring it within the rule applicable to this one. In Gantner v. Kemper, 58 Mo. 567, a case where there were different debts as in this and payments made but not sufficient to discharge all such debts the court held: "The effect of such payments would depend upon the appropriation made by Williams (the debtor) at the time of making them, or if no application were made by him, then upon the appropriation made by plaintiff at the time of receiving them; and if no appropriation was made by either, then the law would apply them as the justice and equity of the case might require." And such seems to be the established law of this State. [Goetz v. Piel, 26 Mo. App. 634; McCune v. Belt, 45 Mo. 174; Brown v. Brown, 124 Mo. 79; Lumber Co. v. Christophel, 59 Mo. App. 80.] In the latter case it is directly held: "Payments made by an original contractor to a subcontractor, without any application thereof by either party, will be applied to the oldest items of the account."

Under the undisputed facts the court was justified

in directing a verdict for the plaintiff.   Affirmed.   All concur.