May Term, 1840.

DOE
v.
BROWN.

---

DOE, on the Demise of CULL and Another, *v.* BROWN and Another.

If a widow having an estate in dower marry, her husband, and those claiming under him, have a right to the enjoyment of the premises during the existence of the marriage.

If after such marriage, the wife be divorced *a vinculo matrimonii*, the estate is thereby restored to her.

May Term,
1840.

Doe
v.
Brown.

Saturday,
May 30.

ERROR to the *Shelby* Circuit Court.

BLACKFORD, J.—Ejectment for a tract of land in *Shelby* county. Plea, not guilty.

The following are the material facts. A widow being in possession of a tract of land as her dower, married one *Brown.* Afterwards, a judgment awarding execution against the goods and lands of *Brown,* was rendered by the Circuit Court, on the transcript of a judgment of a justice of the peace. On the same day on which the execution was awarded, *Mrs. Brown* obtained a divorce against *Brown a vinculo matrimonii.* · The land assigned to *Mrs. Brown* as her dower before she married *Brown,* was, after the divorce, sold on the execution awarded against *Brown.* The purchasers under the execution are the lessors of the plaintiff; and *Mrs. Brown* and her tenant are the defendants.

The Circuit Court, to which the cause was submitted, gave judgment for the defendants.

We think this decision is right. *Mrs. Brown,* previously to her marriage with *Brown,* had an estate for life in the land. The marriage gave *Brown* an estate in it which was to continue during the coverture. It was an estate which he might sell, and which was subject to any judgments rendered against him during its existence. 2 Kent's Comm. 134. The lessors of the plaintiff, in the case before us, took, by their purchase, the same estate that the execution-defendant had; that is, a right to the enjoyment of the premises during the existence of the marriage.

It is said by *Coke,* that if a husband make a feoffment in fee of the lands which he holdeth in the right of his wife, and after they are divorced *causa præcontractus,* yet the woman may enter within the purview of the statute of Henry the 8th, and is not driven to her writ of *cui ante divortium,* as she was at the common law. Coke on Litt. 326. This shows, that if the wife were out of possession, and there had been a sale and conveyance of the land by *Brown,* she could—the marriage tie being dissolved—recover the land in an action at common law, or enter into possession of it under the statute of Henry the 8th. It follows, that the defence of *Mrs. Brown* and her tenant, under the circumstances of the present case, must be a good one.

The cases of *Kriger* v. *Day*, 2 Pick. 316, and *Starr* v. *Pease*, 8 Conn. 541, relied on by the defendants' counsel, sustain the defence. There is also a later case in the defendants' favour. *Wheeler* v. *Hotchkiss*, 10 Conn. 225. This last-cited case was one in which the husband was tenant by the curtesy *initiate;* and yet it was held, that the estate of a party claiming under the husband must yield, after a divorce *a vinculo matrimonii*, to the superior right of the wife.

*Per Curiam.*—the judgment is affirmed with costs.
*W. J. Peaslee*, for the plaintiff.
*P. Sweetser*, for the defendants.