————o————

AGRICULTURAL INSURANCE COMPANY OF WATERTOWN, NEW YORK v. CHARLES MONTAGUE.

*Insurance—Waiver of objection that the policy was prematurely delivered—Avoidance of insurance for misstatement of interest—One cannot insure who has no insurable interest.*

Where an insurance agent with no authority to give credit had delivered a policy before the premium was paid, but had accounted to the company for the premium, it was *held* that it was too late to object to the credit.

An insurance policy containing a clause of avoidance for misrepresenting the interest of the insured covered an organ claimed by him but actually held under a contract of purchase, paid in part but providing that title should not pass until it was fully paid. His equitable interest in the organ was insured for more than its value. *Held* that the omission to state the facts as to the actual ownership invalidated this part of the insurance.

One cannot insure property if he has no insurable interest in it; and insurance taken in good faith on goods belonging to the

wife of the insured is void, even though the company had full knowledge of the facts of ownership; 'the doctrine of waiver cannot apply.

In Michigan a man has no control over his wife's property.

Error to Tuscola. Submitted Feb. 1. Decided April 3.

ASSUMPSIT on insurance policy. Defendant brings error.

*B. W. Huston* and *Hatch & Cooley* for plaintiff in error. Where a policy is made void by a misstatement of the interest of the insured, it is void if he has only a legal or an equitable interest in property which he claims, *Lowell v. Middlesex Ins. Co.*, 8 Cush., 127; *Smith v. Bowditch F. Ins. Co.*, 6 Cush., 448; *Falis v. Conway Ins. Co.*, 7 Allen, 46; *Eminence Ins. Co. v. Jesse*, 1 Metc. (Ky.), 523; notice of the actual facts may cure misstatement but it is where the error was not in essential facts, *Ætna Live Stock Co. v. Olmstead*, 21 Mich., 246; *N. A. Ins. Co. v. Throop*, 22 Mich., 146; *Van Buren etc. F. Ins. Co. v. St. Joseph Ins. Co.*, 28 Mich., 398; *Amer. Ins. Co. v. Gilbert*, 27 Mich., 429.

*Timothy E. Tarsney* for defendant in error.

COOLEY, J. The action in this case was upon a policy of insurance issued to one Graves and assigned by him after a loss to Montague, the plaintiff below. The plaintiff recovered judgment and the case is before us on error.

It appeared on the trial that Graves did not pay the premium when he received his policy, but was allowed a credit by the agent who transacted the business. The defendant insisted that the delivery of the policy before the premium was paid was unwarranted; there being evidence that the agent had no authority to give credit. It was shown, however, that the agent accounted to the insurers for the premium, and we think it was too late afterwards to make any objection to the credit. When the agent had accounted to the principal, the latter was

no longer concerned with the dealings between the agent and the insured.

The property insured included an organ. The evidence showed that this organ was purchased by Graves on credit, and that by the contract of purchase the title was not to pass from the vendor until the price was fully paid. When the fire occurred only about one-half the amount had been paid, and this was less by $20 or $25 than the sum for which the organ was insured. By one of the conditions of the policy the insured was required to state whether any other person had an interest in the insured property, and if so, what was its nature; and it was declared that "any neglect to comply with these provisions, or any misrepresentation or concealment or fraud, or false swearing in any statement or affidavit in relation to loss or damage shall forfeit all claim upon the company by virtue of this policy, and shall be a full bar to all remedies upon the same." The defendant offered to show that the vendor had brought suit for the purchase price of the organ, and had recovered judgment, but the court excluded the evidence, but then, as if it were in, instructed the jury that in view of this fact Graves "had an insurable interest in the organ." This instruction was probably correct, but it fails to meet the difficulty in the case. The defendant requested the court to instruct the jury that the insurance upon the organ, under the facts in proof, was void; but this was refused. The request did not raise the question of an insurable interest; the insured may have had that, and yet, because of his concealment of facts, failed to obtain a valid insurance. And we do not perceive that the objection of the defendant on this branch of the case is in any manner met by the charge of the court. The unquestioned facts were that Graves, having, so far as the facts in proof would show, only an equitable claim upon the organ to the extent of half its value, procured an insurance upon it as owner for a sum in excess of his interest, and without disclosing the

interest of the party who, by the understanding with him, was to retain the legal ownership. We think this failure to state the facts is fatal to this portion of the insurance. *Kibbe v. Hamilton Fire Ins. Co.*, 11 Gray, 163; *Clay F. & M. Ins. Co. v. Huron S. & L. Co.*, 31 Mich., 346.

A still more palpable error was committed on another branch of the case. A quantity of silver ware was covered by the policy, which proved to belong, not to the insured but to his wife. In respect to this the plaintiff claimed to recover on a showing that, when the policy was drawn, Graves disclosed to the agent the real facts. The argument was that, as the company, through its agent, had knowledge of all the facts, and still granted the policy, the issuing of the policy was a waiver of all objection on that score. This view was accepted by the court, and the jury was instructed accordingly. If the instruction was correct, it is manifest that any person may obtain insurance upon property without any right in it whatsoever; he has but to disclose the facts, and the policy, though only a wager policy, will be as legal as any other. But such a doctrine is at war with the fundamental principles of insurance, which require that a person shall have an insurable interest before he can insure: a policy issued when there is no such interest is void, and it is immaterial that it is taken in good faith and with full knowledge. The policy of the law does not admit of such insurance, however willing the parties may be to enter into it. The doctrine of waiver has obviously nothing to do with such a case. The agent cannot do for the company by waiver what the company is powerless by express contract to do for itself: he cannot by waiver invest the insured with an interest he does not own. There was occasion to consider this question in *Peoria M. & F. Ins. Co. v. Hall*, 12 Mich., 202, and it was there held that an insurance of partnership property by one partner in his own name could not be made to embrace the interest of the other

partner, notwithstanding it was written by the agent with full knowledge of the facts. The reason is the one above assigned: it is not competent to write an insurance where an insurable interest is wanting, whether the facts are known or not. The difficulty is inherent in the case, and is beyond the reach of waiver.

It is proper to say in this connection that under our statute the husband has no control whatever over his wife's property; so that the question arises here precisely as it would had the silver been owned by a stranger.

A question is made in the record concerning the proof by the plaintiff of the loss of a library which was covered by the policy, but as this is not likely to be important on a new trial, we pass it by.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.