Traders Insurance Company of Chicago v. Newman *et al.*

No. 13,883.

TRADERS INSURANCE COMPANY OF CHICAGO v. NEW-
MAN ET AL.

INSURANCE.—*Husband and Wife.*—*Parties.*—*Complaint.*— *Wife's Interest in Policy.*—*Failure to Aver.*—A complaint by a husband and wife, in a joint action on an insurance policy, issued to the husband alone, which fails to aver that the wife ever acquired any interest in the policy, is bad for a failure to state facts sufficient to constitute a cause of action.

SAME—*Separate Real Estate of Wife.*—*Husband has no Insurable Interest in.*— Sections 5116 and 5117, R. S. 1881, of the "Married Women's" Act, take away from the husband all right to the possession or control of the wife's separate estate. He has no present right of enjoyment, and no interest in the rents and profits of his wife's real estate. A policy of insurance secured thereon by the husband, who has no insurable interest therein, is unenforceable.

From the Huntington Circuit Court.

*B. F. Ibach* and *J. G. Ibach*, for appellant.

*J. M. Hiltebrand, J. C. Branyan, M. L. Spencer, W. A. Branyan, B. M. Cobb* and *C. W. Watkins*, for appellees.

BERKSHIRE, J.—The appellees were the plaintiffs below, and brought this action on a fire policy issued by the appellant to the appellee, James M. Newman.

The complaint contains four paragraphs, each of which was demurred to separately, the demurrers overruled and exceptions taken.

Several paragraphs of answer were filed, to which, except the general denial, replies were filed, and the cause being at issue was submitted to a jury, who afterwards returned a special verdict. Upon the return of the verdict the appellant moved for judgment thereon, which motion was, by the court, overruled, and an exception taken.

The appellee, James M. Newman, then moved for judgment in his favor, which judgment was sustained by the

court and judgment rendered accordingly. Thereupon the appellant filed a motion for a new trial, which motion was overruled and an exception reserved.

The appellant assigns several errors, but it does not become necessary for us to notice them in detail.

The several paragraphs of the complaint were bad, and the court erred in overruling the demurrers thereto. The appellee, Elvira J. Newman, was not a party to the policy; the appellant made no contract with her, or for her benefit; it did not agree to insure her against the loss of her property by fire; the obligation of the appellant was to the appellee, James M. Newman, and to him alone; it was to protect him against loss that the policy was executed; to him or to his assignee was the appellant liable in case of loss. The contract was personal; it was not an insurance of the property, but of the assured against loss because of its injury or destruction. Wood Fire Ins., section 264; May Ins., section 72; *Fogg* v. *Middlesex Mutual Fire Ins. Co.*, 10 Cush. 337. But this principle is elementary and need not be supported by the citation of authorities. The principles of interpretation applicable to contracts of insurance are the same as those which obtain in the case of other contracts. May Ins., section 172. It was even beyond the power of the appellee James M. Newman to assign the policy until after he had suffered loss, either by the destruction of the property covered by it, or an injury thereto, without first obtaining the consent of the appellant to such assignment. Wood Fire Ins., sections 264 and 361; May Ins., section 377.

There is no averment in either paragraph of the complaint tending to show that the appellee Elvira J. Newman, ever acquired any interest in the policy, whereby she might in her own name, or jointly with her husband, maintain an action upon it; the averments in the complaint show to the contrary.

Notwithstanding the provisions of our code which allow a woman under coverture to maintain an action in her own

name, when it becomes necessary to protect her separate estate, she may, as formerly, prosecute the action jointly with her husband. But it never was the rule to require or even to allow the husband to join his wife in an action where he alone held the right of. action. Our code has emphasized the rule which prevailed at common law (although with numerous exceptions) by requiring that all actions, with a very few necessary exceptions, be brought in the name of the real party in interest. Section 251, R. S. 1881. It has become a well settled rule of law under our code, that where there is more than one party plaintiff, and the complaint upon its face shows a good cause of action in favor of some, but not in favor of all of the plaintiffs, it is bad; not because of a misjoinder of parties, but upon the ground that it fails to state facts sufficient to constitute a cause of action. *Neal* v. *State, ex rel.,* 49 Ind. 51; *Martin* v. *Davis,* 82 Ind. 38; *Kelley* v. *Adams, ante,* p. 340.

If John Smith or some other disinterested person had been joined with the appellee James M. Newman, as a party plaintiff, the sufficiency of the complaint would not have been contended for in the court below or insisted upon in this court; and yet if the complaint would have been bad with John Smith as a party plaintiff, it is equally so with Elvira J. Newman as such a party.

The cases of *Scotton* v. *Mann,* 89 Ind. 404, and *Wright* v. *Jordan,* 71 Ind. 1, cited by counsel for the appellee, are not cases in point. In the last cited case the question as to who were proper parties plaintiff was not before the court; the question ruled upon was one of liability, whether the party against whom the action was brought was liable to be sued upon the cause of action stated in the complaint. In the other case it appeared in the complaint that the wife was the meritorious party.

In the case under consideration the right of action, if any, was solely in the appellee, James M. Newman, and he alone should have brought the action.

This leads us to the last question which we desire to consider. Did the court err in overruling the appellant's motion for judgment, and in rendering judgment for the appellee, James M. Newman, upon the special verdict returned by the jury? Our conclusion is that it did.

The facts as found show that the said appellee had no insurable interest in the property covered by the policy; no interest, legal or equitable, in the estate.

On the 30th day of June, 1873, one John Newman held the title to the land upon which the property destroyed was located, and together with his wife executed a conveyance, the granting part of which is in these words:

"Convey and warrant to James M. Newman and his heirs, of Huntington County, in the State of Indiana, for the sum of four hundred dollars, the following real estate (here follows the description), the said James M. Newman to hold said lands in trust for his heirs, with no right of conveyance without his heirs join in the deed. If the said James M. Newman dies without issue then said land falls back to my legal heirs."

The probability is that the "rule in *Shelley's Case*" controls the above conveyance, and that James M. Newman thereby became the fee simple owner of the real estate, but it is not necessary that we stop to consider that question.

Acting upon that idea, on the 13th day of December, 1883, the appellees conveyed the real estate to one James M. Hiltebrand in trust for the appellee Elvira, who, on the 17th of the same month, executed a warranty deed to her, and, upon the theory that she held the legal title, this action was commenced and prosecuted.

It has been held in Maryland, Pennsylvania, and some other of the sister States, that where the husband will becomes a tenant by curtesy in case he outlives his wife, he has an insurable interest in the estate.

This is upon the ground that he has a present right of en-

joyment; is entitled to the rents and profits during the life-time of his wife.

The following is a quotation from the case of the *Mutual Fire Ins. Co.* v. *Deale*, 18 Md. 26 (79 Am. Dec. 673): "By the Act of 1842, chapter 293, section 1, any married woman was enabled to become 'seized of land by direct gift or pur-chase in her own name and as of her own property.' Under the deed, therefore, to Mrs. Deale, she was vested with the estate in fee: not, however, to her sole and separate use. In construing the Act of 1842, this court has said that, in such property, the husband retained his marital rights. * * * In this case, the appellee's rights were to a life estate, in right of his wife, with a right to the pernancy of the product and profits of the land during the coverture—and a contingent curtesy right in the event of his surviving his wife. * * * The question, then, presented for our decision is, whether such an interest in the property is sufficient to entitle the appellee to recover, upon the contract of insurance sued on in this case? Beyond all question the appellee had an in-surable interest."

We take the following from the case of *Wright* v. *Wright*, 2 Md. 429 (56 Am. Dec. 723): "In volume 1, chapter 1, page 3, of Roper on Husband and Wife, it is said: 'By the intermarriage the husband acquires a freehold interest dur-ing the joint lives of himself and wife, in all such freehold property of inheritance as she was seized of at that time, or may become so during the coverture.' This is undoubtedly true, if the author is to be understood as meaning that he be-comes so entitled in right of the wife so long as the cover-ture lasts; but if he is to be understood as asserting, that by virtue of the marriage alone he acquires a freehold estate in his own right for the joint lives of himself and wife, regard-less of the cessation of the coverture, we do not concur with him, nor do the authorities upon which he relies sustain him." See, also, an extract copied in the opinion from Coke's Lit. *Harris* v. *Insurance Co.*, 50 Pa. St. 341; *Frank-*

*lin, etc., Ins. Co.* v. *Drake*, 2 B. Mon. 47; *Columbian Ins. Co.* v. *Lawrence*, 2 Peters, 23; *Abbott* v. *Hampden Mut., etc., Ins. Co.*, 30 Me. 414; *Montgomery* v. *Tate*, 12 Ind. 615. In this case it was held that the husband became entitled by the marriage to an estate in the lands of his wife during their joint lives, which was as absolute during that period as if acquired in any other mode, and that it was subject to sale on execution against him. *Butterfield* v. *Beall*, 3 Ind. 203; *Junction R. R. Co.* v. *Harris*, 9 Ind. 184.

In May on Insurance, the author, after stating that a husband, who in case he survives his wife, will become a tenant by curtesy, has an insurable interest, and referring to a number of authorities to support him, then makes the following statement: "Upon the same principles a tenant in dower may insure." No authority is referred to, nor have we been able to find one to support the author's conclusion. The principles are not the same; the wife merely has an estate in expectancy, who, in case she survives her husband, will be entitled to dower; she has no present right of enjoyment, nor is she entitled to the rents and profits. *Doe* v. *Brown*, 5 Blackf. 309.

In *Magee* v. *Young*, 40 Miss. 164 (90 Am. Dec. 322), it is said: "It is unquestionably true that the concurrence of marriage and seisin constitutes the foundation of the right of dower; but they do not of themselves vest the title in the wife. Park Dower, 7. They give rise to an inchoate right, which does not become complete until the death of the husband. 4 Kent Com. 50. And an inchoate right of dower is a mere possibility, and not an estate; 1 Hilliard Real Prop. 601, section 28; because it is liable at any time to be defeated by the death of the wife, the husband surviving. From the death of the husband, the incipient title, which existed in the wife during coverture, becomes consummated and perfected. Park Dower, 47; 1 Cruise Dig., tit. 6, section 1; and until that time it is not a vested estate, but a mere contingent interest or a chose in action. This right appears to be analogous to

that of a husband to his wife's personal property and choses in action not reduced to possession by him during the coverture."

Until there is an actual admeasurement of dower it is a mere potential interest, amounting to nothing more than a mere chose in action, and is not subject to seizure and sale by execution at law. Before admeasurement of dower the wife has no interest or estate in the lands, and her deed operates not as a grant, but as an estoppel. *McCraney* v. *McCraney*, 5 Iowa, 232 (68 Am. Dec. 702) ; *Moore* v. *Mayor*, 4 Selden, 110 (59 Am. Dec. 473).

It will be observed, therefore, that every element upon which rests the rule giving to a husband holding an inchoate right of curtesy, an insurable interest in the property, is absent in the case of a wife who holds an inchoate right of dower. " This right, however, must be definite and fixed. A mere general interest, not susceptible of enforcement, which does not specifically apply, either in terms or by the operation of law, is not insurable, as the interest of a creditor under a debt or contract which has not been put in judgment; *or the interest of an heir, before the death of the owner* (the italics are our own), and other similar interests that do not exist, as certain definite or specific interests in the particular property. Thus, it will be seen that, in order to create an insurable interest two things must concur: A certain, definite or specific interest in the property, either by contract or operation of law, and such an interest that an injury to, or destruction of the property, would involve the person in immediate pecuniary loss, and the absence of either element, deprives the interest of its insurable character." Wood Fire Ins., section 274.

In the case of *Agricultural Ins. Co.* v. *Montague*, 38 Mich. 548, COOLEY, J., delivering the opinion, the court says : " It is proper to say in this connection that under our statute, the husband has no control whatever over his wife's prop-

erty ; so that the question arises here precisely as it would had the silver been owned by a stranger."

We have the following statutes which control the question under consideration :

Section 5116, R. S. 1881, reads thus: "No lands of any married woman shall be liable for the debts of her husband; but such lands, and the profits therefrom, shall be her separate property, as fully as if she were unmarried : *Provided*, That such wife shall have no power to encumber or convey such lands, except by deed in which her husband shall join."

Section 5117 reads as follows : "A married woman may take, acquire, and hold property, real or personal, by conveyance, gift, devise, or descent, or by purchase with her separate means or money ; and the same, together with all the rents, issues, income, and profits thereof, shall be and remain her own separate property, and under her own control, the same as if she were unmarried. And she may, in her own name, as if she were unmarried, at any time during coverture, sell, barter, exchange, and convey her personal property ; and she may also, in like manner, make any contracts with reference to the same ; but she shall not enter into any executory contract to sell or convey or mortgage her real estate, nor shall she convey or mortgage the same, unless her husband join in such contract, conveyance, or mortgage : *Provided, however*, That she shall be bound by an estoppel *in pais*, like any other person."

These statutes take away from the husband all right to the possession or control of the wife's separate estate. He has no present right of enjoyment, and no interest in the rents and profits of his wife's real estate. He has a mere right in expectancy, the same as the heir has in his ancestor's property. If a fire destroys the improvements he meets with no pecuniary loss any more than if the marriage relation did not exist between himself and the owner. *Montgomery* v. *Hickman*, 62 Ind. 598 ; *Crater* v. *Crater*, 118 Ind. 521, and cases cited.

If the assured possessed no insurable interest the policy can not be enforced. *Home Ins. Co.* v. *Duke,* 75 Ind. 535; *Aurora Fire Ins. Co.* v. *Johnson,* 46 Ind. 315; *Phœnix Ins. Co.* v. *Rowe,* 117 Ind. 202.

The judgment is reversed, with costs, and the court below is instructed to sustain the demurrers to the different paragraphs of the complaint.

