# German American Insurance Co. vs Paul.

## Opinion Delivered October 26, 1899.

1. *Action on Insurance Policy—Complaint held sufficient.*

    In an action upon an insurance policy the complaint stated, that for a valuable consideration, defendant had issued to plaintiff a policy of insurance against fire. That the property insured was totally destroyed by fire. That proof of loss was made. That loss had not been paid. Prayed judgment for $1000.00. *Held*, Sufficient. The failure to allege value of property and ownership was cured by the verdict.

2. *Ownership of Property—Testimony of Insured competent.*

    In a suit upon a policy of fire insurance the insured is competent to testify that he was the owner of the property.

3. *Pleading—Allegation as to value—Sufficiency.*

    Under an allegation that property was totally destroyed and asking judgment for $1000.00, the value is properly raised, and proof may be given in support thereof.

4. *Husband and Wife—Testimony of husband that wife gave him property not incompetent.*

    It is competent for a husband to testify that property is given him by his wife. It is not incompetent as a communication between husband and wife.

5. *Remark of Court—Value of Photographs destroyed.*

    Defendant was endeavoring to show that certain photographs were those of plaintiff's family, and had no value. The court remarked "you don't expect to insure property for value and refuse to pay for it simply because it is a picture of a man's father or mother." The question of value was left to the jury. *Held*, Not error.

6. *Fraud—Not shown by concealment of Insurance.*

    The fact that insured tells no one that he is insured in no way tends to show fraud.

(40)

*7. Cross Examination—Not allowed as to facts subsequent to fire.*

> It is not error to refuse to allow plaintiff to be cross examined concerning transactions subsequent to a fire.

*8. Expert Witness—When Qualified.*

> One who testifies that he has been a contractor and builder for fifteen years, and is acquainted with the value of houses in the vicinity, is a competent witness.

*9. Evidence—Pleadings in another suit.*

> It is not error to refuse to allow all the pleadings in a divorce suit to be admitted in evidence, when all the relevant portions are admitted.

*10. . Wife's Property—Husband has no insurable interest.*

> A husband has no insurable interest in the saparate property of his wife, and it is error to refuse to instruct the jury that if they believed that a material portion of the property insured belonged to the wife, in her own right, they should find for the defendant.

Appeal from the United States Court for the Northern District.

WILLIAM M. SPRINGER, Judge.

Action by Joseph Paul against the German-American Insurance Company. Judgment for plaintiff. Defendant appeals. Reversed.

On September 30, 1895, appellee filed his complaint against the appellant, alleging as follows: "Comes now the plaintiff herein, and for cause of action states that he is a citizen of the United States, residing within the Northern district of the Indian Territory, and that defendant is a foreign corporation, but doing business within, and having an agent within, this territory; that defendant is and was a fire insurance corporation, and that on or about the 6th day of

August, A. D. 1894, said defendant, for valuable consideration, issued to plaintiff a policy of insurance upon property within said district and territory, insuring plaintiff against loss by fire of certain property, therein alluded to, for the period of three years from and after date of said policy, as will more fully appear by reference to said policy, a copy of which is hereto attached, marked 'Exhibit A,' and made a part hereof; that on or about the 30th day of September, A. D. 1894, the property insured by said company by said policy was totally destroyed by fire, and thereafter, to-wit, on the 1st day of October, A. D. 1894, plaintiff notified said defendant of that fact and thereafter to-wit on the 3rd day of October A. D. 1894 plaintiff made proof of loss by fire of said insured property to said company, and was informed by said company that the same was sufficient; that said company has failed to pay plaintiff for the loss occasioned by said fire, as in said policy provided, although plaintiff has performed all of the obligations incumbent upon him to perform. Wherefore plaintiff demands judgment against defendant for the sum of one thousand dollars, with interest from the 1st day of October, A. D. 1894, and for costs." Defendant answered, alleging that at the time plaintiff procured the policy of insurance he was not the owner of the property insured, and that proper proof of loss was not made. A jury was impaneled to try the issues, and the appellant objected to the introduction of any evidence by appellee for the reason that the complaint did not state facts sufficient to constitute a cause of action. The objection was overruled, and exception saved. Thereupon a trial was had, resulting in verdict and judgment for the appellee for $1,000 and interest. Motion for new trial was filed and overruled, exceptions duly saved, and an appeal taken to this court. Appellant assigns the following errors: "(1) The court erred in overruling the objection of defendant to the introduction of any evidence on the complaint filed in

the court below because the facts stated are not sufficient to constitute a cause of action in favor of the plaintiff and against the defendant. (2) The court erred in permitting Paul, witness in his own behalf, to state the conclusion that he was the owner of the property when it was insured. (3) The court erred in allowing Paul, witness in his own behalf, to testify as to the value of the property destroyed, as there was no allegation of value in complaint. (4) The court erred in overruling motion of defendant to withdraw from the consideration of the jury communications between Paul and his wife, and the conclusion that he was the owner. (5) The court erred in stating in the presence of the jury as follows: 'You don't expect to insure property for value, and refuse to pay for it simply because it is a picture of a man's father or mother.' And witness Paul had said he knew nothing of the value of the pictures inquired about. (6) The court erred in refusing to allow witness Paul, being plaintiff, to answer the question as to whether he had kept the fact that he had taken out the insurance concealed. (7) The court erred in refusing to allow defendant to make full cross-examination of Paul, who was witness and plaintiff in the case. (8) The court erred in allowing witness H. M. Smith to testify as an expert as to value of building alleged to have been destroyed by fire, as he was not shown by the evidence to be qualified. (9) The court erred in refusing to allow all the pleadings in the case of Mrs. Paul vs Joseph Paul to be introduced and read in evidence to the jury, after having allowed part of the same to go to the jury." (The 10th, 11th, 12th, 13th, and 14th assignments relate to instructions refused and given.) "(14) The court erred in overruling defendant's motion for a new trial."

*James P. Grove, Harrison O. Shepard,* and *Dennis H Wilson,* for appellant.

*Don Carlos & Stanfield,* for appellee.

CLAYTON, J.   We think the complaint in this case was sufficient.   It alleged that the defendant, for a valuable consideration, issued to plaintiff a policy of insurance, insuring plaintiff against loss by fire of certain property therein alluded to;   that said property was totally destroyed by fire;   that proof of loss was made; that payment thereon had not been made; and praying judgment for $1,000. Joyce, Ins. § 3665 et seq.; Mansf. Dig. §§ 5065, 5083 (Ind. T. Ann. St. 1899, § § 3270, 3288).   The failure to allege value of the property and ownership was cured by verdict. Jones vs Ins. Co., 55 Mo. 342;   Jefferson vs Hale, 31 Ark. 286; Chit. Pl. 673.

2.   The plaintiff, as a witness in his own behalf, was asked by his counsel this question:   "At the time you made out the application for insurance,—at the time you got that policy,—who did that property belong to?"   This was objected to by the defendant, as calling for a conclusion of the witness.   The court permitted the question, to which defendant excepted.   We see no reason why the question was improper.   Certainly the owner of property is competent to testify, as a matter of fact, that he is the owner.   All of the property insured was personal property, obtained in various ways;   and the witness after stating that he was the owner of the property, told how he became possessed of it.   His right to recover rested absolutely on his ownership, and he, above all others, knew, as a matter of fact, whether he still owned the property, or had disposed of it.   The complaint, inferentially at least, alleged ownership, and proof was necessary to sustain that allegation.

3.   The complaint alleged that the property insured was totally destroyed, and that defendant had failed to pay plaintiff for the loss occasioned thereby, and asked judgment for $1,000.   Under this allegation, the value of the property was properly raised, and the court did not err in

admitting proof in support thereof. Joyce, Ins. § 3678; Jones vs Insurance Co., 55 Mo. 342.

4. The only question covered by this assignment, not heretofore considered, is that the court erred in permitting plaintiff to state, as a witness, that his wife had given him a portion of the property. This is objected to as being a communication between husband and wife during coverture. The court specifically stated that all communications between Paul and his wife were incompetent, but permitted him to state, and we think properly, that his wife had given him a portion of the property. It was certainly competent for the plaintiff to state that he was the owner of the property, and to state how he became possessed of it.

5. Exception is taken to the following remark of the court: "You don't expect to insure property for value, and refuse to pay for it simply because it is a picture of a man's father or mother." Counsel for defendant were trying to show that certain photographs destroyed by fire were those of plaintiff's family, and therefore had no value. The court left the question to the jury to determine the value of the photographs, even though they were those of members of his family.

6. The defendant sought to show that the plaintiff was guilty of fraud in concealing the fact of the insurance, because he had not told certain parties that he had taken out the insurance. We know of no rule of law or business that requires a party to publish to the world the fact that he has his property insured. The fact that he did not do so could in no way tend to show fraud, and the testimony was clearly incompetent.

7. Defendant complains because he was not allowed a full cross-examination of plaintiff. The matters referred to were in relation to transactions subsequent to the fire,

and were incompetent. Nearly one-third of the record is taken up with the cross-examination of the plaintiff, and we have been unable to find any material testimony which was excluded.

8. The witness H. M. Smith testified that he was a contractor and builder, and had been for about 15 years, and was acquainted with the value of houses in that vicinity. We think he was clearly a qualified witness.

9. As the pleadings in the divorce suit offered in evidence were not verified, we think it doubtful whether they were admissible at all, but no objection was made on this ground. The court admitted all the relevant portions of the pleadings, and this is all the defendant was entitled to. Whart. Ev. § 1104.

The other errors assigned are based on instructions refused and given, and it will only be necessary to consider one. The court, over the objection of the defendant, instructed the jury as follows: "The court instructs the jury that if you believe from the evidence in this case that the defendant insurance company insured the property which the plaintiff claims was destroyed by fire, and accepted the premium from the plaintiff for said insurance, and that the said property was destroyed by fire after the policy of insurance was taken out, and before its expiration, then the condition of the liability of the defendant insurance company was complete; that it is not essential that the plaintiff was the absolute owner of the property, but that any general property or peculiar interest in the property insured is sufficient to entitle the plaintiff to recover of the defendant, unless the defendant, by the preponderance of the testimony in this case, proves that, had the true ownership been known to it, it would not have assumed the risk, or would have charged a greater rate of premium." We think this instruction misleading and incorrect. The testimony was

conflicting as to who owned the property. It was contended, and fairly established, that the bulk of the property insured belonged to the plaintiff's wife, and was her separate property, acquired before coverture. The question becomes pertinent then, whether in this jurisdiction the husband has an insurable interest in the wife's separate property. We are unable to find any decision of the supreme court of Arkansas upon this subject, but other states, with statutes giving married women no greater rights and control over their seperate property than those prescribed by Mansfield's Digest, hold that such insurable interest does not vest in the husband. Insurance Co. vs Montague, 38 Mich. 548; Insurance Co. vs Newman, 120 Ind. 554, 22 N. E. 428;. Merrett vs Insurance Co., 42 Iowa 11. Section 4621, Mansf. Dig. (Ind. T. Ann. St. 1899, § 3021), provides: "The real and personal property of any feme covert in this state acquired either before or after marriage, whether by gift, grant, inheritance, devise, or otherwise, shall, so long as she may choose, be and remain her separate estate and property, and may be devised, bequeathed or conveyed by her the same as if she were a feme sole." And this section is in force in the Indian Territory. Under it the husband has no control over the wife's property. In order to create an insurable interest, the insured must be in a position to be damaged by the destruction of the property. Under our statute, the wife's property is her own absolutely, to do with it as she pleases; and, as far as the rights of the husband in it are concerned, it might as well belong to a stranger. The policy sued on in this case, a copy of which is attached to the complaint, required that the interest of the assured should be absolute. "Where the policy provides that the interest of the assured shall be truly stated, a statement that it belongs to the assured, when in fact it was partly owned by another, invalidates the policy." Wood, Ins. § 163; Wilbur vs Insurance Co., 10 Cush. 446. The jury

<div style="margin-note">Insurable interest of husband in wife property</div>

should have been instructed that, if they believed that a material portion of the property insured belonged to the wife in her own right, the policy was void, and they should find for the defendant.

THOMAS and TOWNSEND, JJ., concur.