PLANTERS' MUTUAL INSURANCE COMPANY *v.* LOYD.

Opinion delivered June 20, 1903.

1. INSURANCE—WIFE'S LAND.—Under Const. 1874, art. 9, § 7, providing "that the real and personal estate of any *femme covert* in this state * * * shall, so long as she may choose, be and remain her separate estate and property," a husband, by virtue of his relation to his wife, has no insurable interest in her land. (Page 293.)

2. SAME—INDIVISIBILITY OF CONTRACT.—Where a husband took out a policy of fire insurance on his wife's land and on his personal property, the contract of insurance being indivisible, he cannot recover for loss of the personal property where he had no insurable interest in his wife's lands. (Page 294.)

Appeal from Little River Circuit Court.

WILL P. FEAZEL, Judge.

Reversed.

T. M. Loyd took out a policy of insurance in the Planters' Mutual Insurance Association for the sum of $1,000 upon his dwelling house and certain furniture therein against loss by fire. The facts are stated in the report of this case on a former appeal. See *Planters' Mutual Insurance Co.* v. *Loyd,* 67 Ark. 584.

*Jos. W. House* and *M. House,* for appellant.

In order to establish a waiver of a forfeiture, the proof must show a distinct recognition of liability after a knowledge of the forfeiture. 116 N. Y. 106. A mere offer to compromise can not be construed as a waiver. 20 Ill. App. 436; 64 N. W. 16; 35 Ind. 89; 65 Ark. 54; 83 Mich. 512. There must be either consideration or estoppel to base a waiver upon. 30 N. Y. 163; 57 N. Y. 505. If appellee was, according to his own statement, excused from making proofs of loss by the denial of liability by company's agent, his act in making them was a mere voluntary act, and their acceptance did not amount to a waiver of stipulations in the application and

policy. 65 Ia. 469; 64 Ark. 590; 65 Ark. 54; 90 Tenn. 754, 755; 35 Ohio. St. 617. The court erred in giving instructions two and three asked by appellee, and in refusing to give instructions one, three and eight asked by appellant. 29 Ark. 448; 11 Ark. 139; 23 Ark. 215; 24 Ark. 251. The doctrine of waiver of forfeiture has no application to mutual insurance. 17 Allen, 240; 1 Allen, 296; 7 Hill, 49; 1 Metc. 523; 29 Gratt. 612; 14 Gray, 209; 10 Cush. 449. Loyd had no insurable interest in his wife's property, and the policy was therefore void. 120 Ind. 554; s. c. 22 N. E. 430; 17 Atl. 304; 83 Me. 362; 53 S. W. 442; 38 Ark. 548; Ostrander, Fire Ins. 212; 1 Met. 523; 11 Kan. 55; 18 La. An. 630; 42 Ia. 14; 50 Pa. St. 348; 3 Hughes, 272; 18 Md. 44; 42 Barb. 459; 1 Metc. (Ky.) 523; 10 B. & C. 724. Recovery is also preceded by false swearing in proofs of loss. 68 Minn. 335; 72 Hun, 519.

*L. A. Byrne,* for appellee.

WOOD, J. This is the second appeal in this case. The opinion in the first appeal is found in *Planters' Mutual Ins. Co.* v. *Loyd,* 67 Ark. 584. The suit is on a policy of fire insurance. We reversed the cause on the first appeal because the assured represented that the property insured was his property, when in fact it was the property of his wife. The representation was a warranty, and part of the contract of insurance. This and other grounds of forfeiture were urged at the second trial, and are presented on this appeal, but it suffices to say of these that the proof is sufficient to show that the forfeiture on these grounds was waived by the conduct of the company's adjuster. When the cause was here before, we did not pass upon the question as to whether or not the husband had an insurable interest in his wife's property, for the reason that the cause had to be reversed on another ground, and we did not know what the proof might develop on another trial. The proof on the last trial shows that the property was insured as the property of appellee, but the fact is the title was in his wife, and the property belonged to her. The appellant by request for instructions raised the issue that the husband can not insure in his own name the property of his wife.

Art. 9, sec. 7 of the constitution provides: "The real and personal property of any *femme covert* in this state, acquired either before or after marriage, whether by gift, grant, inheritance, devise or otherwise, shall, so long as she may choose, be and remain her separate estate and property, and may be devised, bequeathed, or

conveyed by her the same as if she were a *femme sole,* and the same shall not be subject to the debts of her husband." Sand. & H. Dig. § 4940.

In *Agricultural Ins. Co.* v. *Montague,* 38 Mich. 548, Judge Cooley, speaking for the court, said: "But such a doctrine (that the husband can insure his wife's property) is at war with the fundamental principles of insurance, which require that a person shall have an insurable interest before he can insure; a policy issued where there is no such interest is void, and it is immaterial that it is taken in good faith and with full knowledge. The policy of the law does not admit of such insurance, however willing the parties may be to enter into it. The doctrine of waiver has obviously nothing to do with such a case."

Under statutes similar to ours the authorities generally hold that the husband has no insurable interest in his wife's property. *German-American Ins. Co.* v. *Paul,* 53 S. W. Rep. 442; *Traders' Ins. Co.* v. *Newman,* 120 Ind. 554; *Clark* v. *Dwelling-House Ins. Co.,* 17 Atl. 304; *Trott* v. *Ins. Co.,* 83 Me. 362; *Eminence Mut. Ins. Co.* v. *Jesse,* 1 Metc. (Ky.) 523; Ostrander, Fire Ins. § 61, p. 212; 2 Joyce, Ins. § 1049.

There are authorities which hold that the husband has an insurable interest in the property of his wife, but these are usually based upon statutes giving him some interest in his wife's property upon condition in the relations of the parties to each other, or which under the common law would give an interest in his wife's property. See authorities in appellant's brief.

In this case there was no curtesy. initiate or consummate, shown. No recovery can be had for the personal property, for the reason that the contract of insurance was entire, under the decisions of this court in *McQueeny* v. *Phoenix Ins. Co.,* 52 Ark. 257; *Phoenix Ins. Co.* v. *Public Parks Co.,* 63 Ark. 202.

Judgment reversed, and judgment for appellant.