J. E. WISECUP, Respondent, v. THE AMERICAN INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant.

Springfield Court of Appeals, December 12, 1914.

1. **INSURANCE: No Insurable Interest: Contract Void.** Contracts of insurance are void unless the insured has some insurable interest in the subject-matter.

2. **INSURANCE: Waiver: Cannot Render Valid a Void Contract.** An insurance company cannot be held to a contract of insurance on the principle of waiver, where the company could not make such a contract in the first instance.

3. **MARRIED WOMAN: Marital Rights of Husband in Property: Statutory Provisions.** The statutes of Missouri have gone very far toward depriving the husband of marital rights in his wife's property. [Secs. 8308, 8309, R. S. 1909.]

4. **INSURANCE: Husband and Wife: Property of Wife: Insurable Interest of Husband.** A husband has no insurable interest in the real property of the wife which he has conveyed to her through a third person, though by reason of the marital relation he collects the rents and uses the money. Such property is her separate property under the statute. [Secs. 8308, 8309, R. S. 1909.]

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

REVERSED.

*Paul M. O'Day* and *John Schmook* for appellant.

(1) The petition should allege an insurable interest in the assured at the time he obtained the policy and at the time of the loss. The failure to do so is fatal. Harness v. The National Fire Ins. Co., 62 Mo. App. 245; Scott v. Phoenix Ins. Co., 65 Mo. App. 75; Clevinger v. Northwestern Ins. Co., 71 Mo. App. 73. Hence the demurrer of defendant, its objection to any evidence, and its motion in arrest, should have been sustained. (2) The law requires that the assured must have an interest in the property insured, otherwise policies of insurance would partake of the nature of gambling or wager contracts. Marness v. National Ins. Co., 62 Mo. App. 247; Moving Picture Co. v. Insurance Co. (Pa. Sup. Ct.), 90 Atl. 642; Agricultural Ins. Co. v. Montague, 38 Mich. 548. (3) Under the Married Woman's Act the plaintiff (husband) had no insurable interest in the property which was owned by his wife. 19 Cyc. 589; 22 N. E. 428, 120 Ind. 554; Traders Insurance Co. v. Newman, 122 N. W. 703; 85 Neb. 85; Bassett v. Farmers, etc., Ins. Co., 17 Atl. 363, 81 Maine, 373; Clark v. Dwelling House Ins. Co., 133 Pac. 1182 (Oregon); Oatman v. Bankers, etc., Fire

Assn., 72 S. W. 725, 21 Ark. 292; Planters Ins. Co. v. Loyd, 46 S. E. 706, 55 W. Va. 63; Tyree v. Virginia Fire & M. Ins. Co., 53 S. W. 442, 2 Ind. Ter. 625. (4) The deed from plaintiff (husband) to his wife, raised the presumption of gift, and the house and lot and rents became her separate property. 39 Cyc. page 136, note 22; Gilliland v. Gilliland, 96 Mo. 522; Planing Mill Co. v. Christophel, 60 App. 106; Ilgenfritz v. Ilgenfritz, 116 Mo. 429; Woodward v. Woodward, 148 Mo. 241.

*Neville & Gorman* for respondent.

(1) The petition alleges an insurable interest both at the time the policy was issued and the time of the fire. A party having any interest in property has an insurable interest, such as (1) Husband as tenant by the courtesy though the wife be only a joint tenant. (2) Husband, if he lives with his wife and shares with her the use of her own own separate personal and real property. May on Insurance, sec. 81, page 88; Travis v. The Continental Ins. Co., 32 Mo. App. 205; Travis v. The Continental Ins. Co., 47 Mo. App. 482. (2) The plaintiff in the case at bar was the sole and absolute owner of the property destroyed by fire, but whatever his interest might have been in the property, there is evidence to show that defendant's agent knew the status thereof, and waived it by writing the policy in plaintiff's name. Travis v. The Continental Ins. Co., 47 Mo. App. 482; Wood on Fire Insurance, 529, 530. (3) The defendant knew the plaintiff had not the record title, but waived that provision in the policy. Barnard v. Nat. Fire Ins. Co., 38 Mo. App. 106; Franklin v. Atlantic Fire Ins. Co., 42 Mo. 456; 2 Wood on Fire Ins., 894; Scarrett Estate v. Casualty Co., 166 Mo. App. 570; Nute v. Ins. Co., 109 Mo. App. 596.

STURGIS, J.—This is a suit on a policy of insurance on a dwelling house in Webb City, Missouri,

wherein it is provided that same shall be void in case
the insured is not the sole and unconditional owner of
the same in fee both at law and in equity. The prop-
erty insured burned during the life of the policy. The
petition admits and the evidence shows that the legal
title was in plaintiff's wife both at the time the policy
was issued and when the property was destroyed by
fire. The plaintiff had at one time owned the prop-
erty, but several years before this policy was issued
he had deliberately and advisedly conveyed the same
by ordinary deed to a third party and that party in
turn conveyed same to his wife for the purpose of vest-
ing in her the full title.

Plaintiff's evidence goes no further than to show
that after this conveyance he and his wife had occu-
pied this dwelling house and that the plaintiff (hus-
band) had collected the rents from same and used
the money thus collected as his own. The court in-
structed the jury that if defendant's agent issuing the
policy knew the condition of the title at the time of
doing so, then the fact that the title was in the wife
will not prevent plaintiff's recovery, provided plaintiff
was in control and possession of the property collect-
ing the rents thereof. If it should be deemed material,
there is no showing made that the wife had agreed, ver-
bally or otherwise, to hold this property for the hus-
band or to reconvey it to him at any time, or that she
agreed to let him hold or use it as his own, or collect
and use the rents therefrom for any length of time. It
is just such possession and control of the wife's prop-
erty by the husband as naturally grows out of the mar-
ital relations and his collection of rents by her suffer-
ance.

The question arises as to whether the husband had
any insurable interest in this property of his wife. If
he had not, the policy of insurance is void as against
public policy, and the question of waiver, by reason
of the agent's knowledge of the title being in the wife,

cuts no figure. The defendant company could not be held to a contract on the principle of waiver which it could not make in the first instance. [Agricultural Ins. Co. v. Montague, 38 Mich. 548; Tyree v. Virginia F. & M. Ins. Co., (W. Va.) 46 S. E. 706; Planters' Mut. Ins. Co. v. Loyd, (Ark.) 75 S. W. 725.] It is so universally held that contracts of insurance are void unless the insured has some insurable interest in the subject-matter thereof, that we will not enter into any discussion of that principle. The rule is so announced in several of the cases herein cited and assumed in the others.

As to the husband having any insurable interest in his wife's real estate, the rule is stated in 19 Cyc. 589, thus: "Under statutes giving a married woman the right to acquire and hold real estate free from any control of her husband thereover or any liability thereof on account of his debts, the husband of such married woman has no insurable interest in her real property thus acquired and held; nor does it constitute an insurable interest on the part of the husband that a conveyance by the wife of her separate estate in property acquired from the husband can only be made by his joining in the deed." In Bassett v. Farmers' & Merchants' Ins. Co., (Neb.) 122 N. W. 703, the husband had purchased and caused to be conveyed to his wife a farm. The husband insured the dwelling house thereon in his own name. In a suit on this policy, the court said: "In jurisdictions where the lawmaking power has completely emancipated a married woman's property from the control of her husband, the possibility that he will receive a benefit from the real estate of which she may die seised is not considered an insurable interest during her lifetime. . . . So far as the proof goes, plaintiff holds possession of the farm by sufferance of his wife, and not by force of any lawful or equitable right. Counsel argue that Mrs. Bassett has only a dry, naked, legal title to the farm;

and that the beneficial one is in plaintiff, but the difficulty is that the proof does not sustain that assumption. Mrs. Bassett did not testify, nor has plaintiff stated, that there was any arrangement between himself and wife, oral or otherwise, by which he was to have a life estate in the farm.'' In Oatman v. Bankers' & Merchants' Mut. Fire Relief Ass'n (Ore.), 133 Pac. 1183, the court said: ''In an action on an insurance policy, the plaintiff must allege and prove that the insured had an insurable interest in the property, both at the time of the making of the contract of insurance and at the time of the loss. [Cases cited.] In this State a husband has no insurable interest in his wife's property. [19 Cyc. 589.]'' In German-American Ins. Co. v. Paul, (Ind. Ter.) 53 S. W. 442, the court considered this question under the laws of Arkansas then in force in the Indian Territory. The court there said: ''We are unable to find any decision of the Supreme Court of Arkansas upon this subject, but other States, with statutes giving married women no greater rights and control over their separate property than those prescribed by Mansfield's Digest, hold that such insurable interest does not vest in the husband. . . . . . And this section is in force in the Indian Territory. Under it the husband has no control over the wife's property. In order to create an insurable interest, the insured must be in a position to be damaged by the destruction of the property. Under our statute, the wife's property is her own absolutely, to do with it as she pleases; and, as far as the rights of the husband in it are concerned, it might as well belong to a stranger.'' The Supreme Court of Arkansas in Planters' Mut. Ins. Co. v. Loyd, 75 S. W. 725, made the same ruling and said: ''Under statutes similar to ours the authorities generally hold that the husband has no insurable interest in his wife's property . . . There are authorities which hold that the husband has an insurable interest in the property of his wife; but

these are usually based upon statutes giving him some
interest, or upon conditions in the relations of the par-
ties to each other and the property which under the
common law would give an interest in his wife's prop-
erty." The Supreme Court of Maine considered a case
where the husband had conveyed to his wife and then
insured in his own name. [Clark v. Dwelling-House
Ins. Co., 17 Atl. 303.] The court there said: "The
next question is one of law. Has a husband, under the
laws of this State, an insurable interest in property
which he has conveyed in fee-simple to his wife as late
as the year 1874? Our statutes seem to have removed
the last vestige of the common-law marital rights of
a husband in the real estate of his wife, however she
may have acquired it. His only rights now in real
estate he conveys to his wife are a naked veto of a
conveyance by her in fee, and a possibility of taking
by descent from her, at her decease, depending on his
survivorship and her solvency. . . . The burning
of this house undoubtedly subjects the plaintiff to in-
convenience, and perhaps to the expense of providing
another home. So would he, had he been living rent
free and at sufferance in the house of his father or
brother or son, in which he had no estate. While he
may be affectionately concerned about his wife's prop-
erty, we do not see that he has any pecuniary interest
in it, legal, equitable, or even ponderable, or which the
courts can measure, or which he can insure under our
law." To the same effect is Traders' Ins. Co. v. New-
man, (Ind.) 22 N. E. 428, and Tyree v. Virginia F. &
M. Ins. Co., (W. Va.) 46 S. E. 706.

There is probably no State in the Union where
the laws have more completely deprived the husband
of marital rights in his wife's property than in this
State. [Sections 8308, 8309, R. S. 1909]. Under these
statutes, her real estate, belonging to her before mar-
riage or coming to her during coverture, by *gift*, be-
quest or inheritance, or by purchase, and all income,

increase and profits thereof, is and remains her separate property and under her sole control. It is specially provided that the husband's use, occupancy, care or protection of her property shall not be taken as reducing the same to his possession unless by her express assent in writing. The wife's right to the possession, income, use and control of her property during coverture is absolute. [Woodward v. Woodward, 148 Mo. 214, 49 S. W. 1001; Brown v. Brown, 124 Mo. 79, 27 S. W. 552.] She may even sue her husband in equity to prevent his using or controlling her property, or interfering with her possession of the same. [Woodward v. Woodward, supra.]

The plaintiff relies on the case of Travis v. Continental Ins. Co., 32 Mo. App. 198, and, on a second appeal, 47 Mo. App. 482. We think that an examination of the facts of that case will show a wide distinction between that case and this one. That case related to insurance on personal property. It is there said that the husband had possession of this personal property, claiming it as his own by virtue of a transfer of it from his wife, and, if this claim was made in good faith by him, he had an insurable interest in the property. It is said that because the title of the insured to the property is defective, this will not deprive him of his insurable interest, if he is in possession under a bona-fide claim of title, legal or equitable. The court allowed plaintiff to recover on proof that he was in possession of the goods claiming in good faith to be the owner thereof, and the only defect in his title was that his wife had not transferred same to him in the exact manner described by law, so that his title was merely defective. In the present case the title is by deed and of record and the plaintiff was not in possession and was not claiming, in good faith, to be the owner of this property. He was not claiming under a defective conveyance, or any conveyance at all.

He concedes that the property belonged to his wife and that the title was in her.

The English case of Lucena v. Craufurd, 3 Bos. & Pull. 75, 2 N. R. 269, covering sixty-one printed pages, contains an interesting discussion of what constitutes an insurable interest. It is there held that a mere expectation, although amounting to a moral certainty that one will have an interest in property, does not give an insurable interest. "Where there is an expectancy coupled with a present existing title, there is an insurable interest. . . . That expectation, though founded upon the highest probability, was not interest, and it was equally not interest, whatever might have been the chances in favour of the expectation."

It results, therefore, that plaintiff cannot recover on this policy for the reason that he had no insurable interest in the property insured. The case will, therefore, be reversed.

*Robertson, P. J.,* and *Farrington, J.,* concur.