ST. PAUL FIRE & MARINE INS. CO. v. McQUARY. (No. 5764.)

(Court of Civil Appeals of Texas. April 18, 1917.)

1. INSURANCE ⬥645(5)—ACTION—PLEADING —PROOF.

In view of Rev. St. 1911, art. 4621, providing that all property of a wife owned before marriage shall be the separate property of the wife but during the marriage the husband shall have the sole management of it, in an action on a policy of fire insurance, proof that the property insured belonged to the wife of the plaintiff did not sustain his allegations that he was the owner of the property at the time the contract of insurance was made and at the time it was destroyed by fire.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1642–1644.]

2. INSURANCE ⬥115(7)—INSURABLE INTEREST—SEPARATE PROPERTY OF WIFE.

As a husband has no insurable interest in the separate property of his wife, a contract of insurance issued to a husband on property in fact owned by his wife is void and unenforceable.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 153.]

3. INSURANCE ⬥668(1)—ACTION ON POLICY —INSTRUCTION OF VERDICT.

In an action on a fire policy issued to a husband in which it appeared that the husband had no insurable interest in the property insured, as it was the separate property of his wife, the trial court should have instructed a verdict for the defendant.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1733, 1752.]

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. APPEAL AND ERROR** ⊙⇒1175(3)—DISPOSITION OF COST.

In an action on a fire policy where the trial court should have instructed a verdict for the defendant on the ground that the plaintiff did not show an insurable interest in the property insured and there was no probability that he could procure testimony showing such insurable interest, as the property belonged to his wife, it is the duty of the appellate court to render the judgment for the defendant which should have been rendered below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4577.]

Error from Falls County Court; F. S. Heffner, Judge.

Action by Arthur McQuary against the St. Paul Fire & Marine Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

Elliott Cage, of Houston, for plaintiff in error. N. J. Llewellyn, of Marlin, for defendant in error.

KEY, C. J. Arthur McQuary brought this suit against the insurance company and sought to recover $800, alleged to be due under an insurance policy on a barn which was destroyed by fire. Among other things, he alleged in his petition that he was the owner of the barn at the time the contract of insurance was made, and at the time it was destroyed by fire. The answer of the insurance company included a general denial, which put the allegations referred to in issue.

On direct examination, the plaintiff, Arthur McQuary, spoke of the property as being his; but upon cross-examination he said: "I live in Waco. I am married. I was living at Waco at the time of the fire. The property that burned was about 1½ miles from Chilton. There is about 100 acres. The property belongs to my wife. She had it when we were married. My wife was a widow when we were married."

There was no other testimony bearing upon the question of ownership, and therefore we sustain the second assignment of error, which complains of the action of the trial court in refusing to instruct a verdict in favor of the defendant in the court below.

[1, 2] The proof did not sustain the plaintiff's allegation of ownership, but, on the other hand, showed that the property did not belong to him, but was the separate property of his wife. Revised Statutes, art. 4621. It is well settled that a husband has no insurable interest in the separate property of his wife, and therefore the contract of insurance as disclosed by the plaintiff's own testimony was void and unenforceable. German Ins. Co. v. Hunter, 32 S. W. 344; German-Amr. Ins. Co. v. Paul, 2 Ind. T. 625, 53 S. W. 442; Planters' Mut. Ins. Co. v. Loyd, 71 Ark. 292, 75 S. W. 725.

[3, 4] Holding as we do that the court below should have instructed a verdict for the insurance company, and as there is no probability that the plaintiff could procure testimony showing that he had an insurable interest in the property, it becomes our duty to render the judgment which the court below should have rendered; and therefore the judgment of that court is reversed, and judgment here rendered for the plaintiff in error, the insurance company.

Reversed and rendered.