## RICHARDS v. BELLINGHAM BAY LAND CO.

(Circuit Court of Appeals, Ninth Circuit. January 16, 1893.)

### No. 53.

1. DOWER—ABOLITION BY STATUTE—EFFECT AS TO EXISTING MARRIAGES.

   At a time when the right of dower existed in Washington Territory, a husband conveyed land without joining his wife in the deed, and, at the time of his death, 1 Hill's Ann. St. & Codes Wash. §§ 1405, 1482, abolishing the right of dower, were in force. *Held,* that the widow was not entitled to dower in the land so conveyed. 47 Fed. Rep. 854, affirmed.

2. SAME—CONSTITUTIONAL LAW—LEGISLATIVE POWERS.

   An inchoate right of dower is not such a vested right or interest as cannot be taken away by legislative action. 47 Fed. Rep. 854, affirmed. *Davis v. O'Ferrall,* 4 G. Greene. 168; *Young v. Wolcott,* 1 Iowa, 174; *O'Ferrall v. Simplot,* 4 Iowa, 381-400; *Pierce v. O'Brien,* 29 Fed. Rep. 402,—distinguished.

3. SAME—CONSTRUCTION OF STATUTE—RETROSPECTIVE OPERATION.

   The inchoate right of dower, as it existed in Washington Territory prior to Laws Nov. 14, 1879, § 18, (1 Hill's Ann. St. & Codes Wash. § 1482,) which abolished dower, was not a right "established, accrued, or accruing," as to which, by section 31, such act was not to be construed as operating retrospectively.

4. CONSTITUTIONAL LAW—TITLES OF LAWS—OBJECTS EXPRESSED.

   Section 3 of Laws Wash. T. Nov. 12, 1875, entitled "An act to regulate the descent of real estate, and the distribution of personal property," and providing that "the provisions of section 1 (1 Hill's Ann. St. & Codes Wash. § 1480) as to the inheritance of the husband and wife from each other, apply only to the separate property of the decedents, and take the place of tenancy in dower and tenancy by the curtesy, which are hereby abolished," is not void for the reason that it is not embraced within the objects of the law within which it is found and enacted.

Appeal from the Circuit Court of the United States for the Northern Division of the District of Washington.

In Equity. Action by Henrietta C. Richards against the Bellingham Bay Land Company for assignment of dower. Decree for defendant. 47 Fed. Rep. 854. Complainant appeals. Affirmed.

Alfred L. Black and E. B. Leaming, for appellant.
William Lair Hill, for respondent.

Before McKENNA, Circuit Judge, and KNOWLES and HAWLEY, District Judges.

KNOWLES, District Judge. Plaintiff instituted an action in equity in the United States circuit court for the district of Washington, asking for an assignment of dower in certain lands held by the defendant on Bellingham bay, state of Washington, the same being known as the "Morrison Donation Claim." The bill of complaint sets forth that one Charles E. Richards, in his lifetime, was the husband of plaintiff, and that they continued to live together and cohabit as such up to the time of his death, on the 19th day of May, 1889; that prior to said marriage said Charles E. Richards became seised of an estate in fee in said lands; that subsequent to said marriage he sold the same to one Robert H. Vance; that plaintiff did not join in the conveyance of said lands to said Vance, and has

never in any manner relinquished her right of dower therein; and that she is now the widow of said Richards. As it appears from the bill that the said defendant now holds the legal title in fee to said lands, the court is led to infer that it must have derived the same in some manner through mesne conveyances from said Vance. The defendant demurred to this bill on the ground that it appears by plaintiff's own showing therein "that she is not entitled to the relief prayed by the said bill, or to any relief in the premises." The court sustained this demurrer, and entered a decree in words as follows:

"That it be adjudged and decreed that said complainant is not entitled to relief upon or on account of the matters alleged in her said bill of complaint, and that this cause be and is dismissed, at the costs of the said complainant, Henrietta C. Richards."

From this judgment plaintiff appealed to this court.

The question presented is as to whether the bill states facts sufficient to show that plaintiff is entitled to dower in the land described, under the laws of the territory of Washington, at the date of her husband's death. The territory enacted several statutes bearing upon the question of dower. I do not think it necessary to go into the history of this legislation. Suffice it to say that at the time of the death of Richards the following statutes existed:

"The provisions of section fourteen hundred and eighty-[one] of this volume of General Statutes, as to the inheritance of the husband and wife from each other, apply only to the separate property of the decedents, and take the place of tenancy in dower and tenancy by the curtesy, which are hereby abolished." 1 Hill's Ann. St. & Codes Wash. § 1482.

"No estate is allowed the husband, as tenant by curtesy, upon the death of his wife, nor is any estate in dower allotted to the wife upon the death of her husband." Id. § 1405.

The first of these statutes seems to have been one of the provisions of an act of the legislative assembly entitled "An act to regulate the descent of real estate, and the distribution of personal property." The latter was a part of an act defining the property rights of husband and wife. There was a statute of said territory upon the subject of dower, which was substantially declaratory of the common law upon that subject existing at the time of the marriage of plaintiff with said Charles E. Richards, and at the time of the conveyance of said lands to Vance. Appellant urges that the law upon the subject of dower at the date of the alienation of said lands to Vance should control, and not the law upon that subject at the date of the death of Richards. This presents for consideration the nature of dower rights. In the case of Dolton v. Cain, 14 Wall. 472, in speaking of the wife's right of dower in the estate of her husband, the supreme court said, "she had no present title to the land, either legal or equitable." Washburn, in his work on Real Property, (volume 1, p. 301,) says of a dower right during the life of the husband, "Nor is her right, in any sense, an interest in real estate, nor property of which value can be predicated." To the same effect is the rule expressed in Moore v. City of New York, 8 N. Y. 110. In the case of Randall v. Kreiger, 23 Wall. 137, the supreme court after speaking of the different kinds of dower known

to the common law, and the abolition of two of them by St. 3 & 4 of Wm. IV., c. 105, said:

"The dower given by law is the only kind which has since existed in England, and it is believed to be the only kind which ever obtained in this country. During the life of the husband the right is a mere expectancy or possibility. In that condition of things the lawmaking power may deal with it as may be deemed proper. It is not a natural right. It is wholly given by law, and the power that gave may increase, diminish, or otherwise alter it, or wholly take it away."

Other authorities might be cited to the same effect.

We find from these that dower is not an estate in land, vested or otherwise. It is a right without value, unless by some modern methods a possibility may be valued. A possibility or contingency is not an estate. It may be affirmed generally where a right is given by law, until that right becomes vested in some way in property the law may be changed or repealed, and the right taken away. Suth. St. Const. §§ 163, 164; People v. Livingston, 6 Wend. 526; Van Inwagen v. City of Chicago, 61 Ill. 31; Marks v. Borum, 25 Amer. Rep. 764. This rule is enforced in the cases of Frisbie v. Whitney, 9 Wall. 187; Rector v. Ashley, 6 Wall. 142. Dower does not become a vested right in the wife until the death of her husband. A possibility of dower is no vested right in the estate of dower, or anything the law recognizes as property. The legislative power of the territory of Washington had the right "to wholly take it away" then, to use the language of the supreme court. The cases cited from the decisions of the supreme court of Iowa (Davis v. O'Ferrall, 4 G. Greene, 168; Young v. Wolcott, 1 Iowa, 174; O'Ferrall v. Simplot, 4 Iowa, 381-400; Pierce v. O'Brien, 29 Fed. Rep. 402) are not in point upon the issue here presented. In the first three of these, parties purchased real estate when there was a possibility, under the laws of the state, that there might be dower in the same to the extent of a life estate of one third thereof. Burdened with this possibility, the title to this real estate became vested in the purchaser. The court held that it was not competent to enlarge this dower possibility to an estate in fee, to the extent of one third thereof, or more. There can be no doubt of the correctness of these decisions. If they did maintain the rule contended for by appellants, they would be contrary to the weight of authority upon this subject. The rule is that dower must be measured and allotted according to the law at the time of the death of the husband, and not, as contended, at the time of the conveyance, by the husband, of his lands. The rule appellant contends for would be contrary to the rule above expressed by the supreme court, and not founded upon reason. The case of Pierce v. O'Brien was one where the law provided that the wife should have one third in value of the real estate possessed by the husband during marriage, as dower. The question was at what time this value should be estimated,—whether at the time of the conveyance by the husband, or at the time of his death. The court held, according to the general rule upon this subject, at the time of the conveyance, so as to exclude the value of subsequent improvements. This is not the question here presented.

The next question presented is, did the legislative assembly take

away from appellant her possibility of dower before the time of her husband's death, in 1889? If the statutes above specified can stand, there can be no doubt upon this point. It is urged that the first of the above statutes is void for the reason that it is not embraced within the object of the law in which it is found and enacted. There was a provision in the organic act of the territory of Washington which reads as follows: That "every law shall embrace but one object, and that shall be expressed in the title." Rev. St. U. S. § 1924. The law in which the said provisions in regard to dower and curtesy are found provides for the descent of real property of a decedent. In this law it is provided that if a deceased person dies, leaving a husband or wife, and one child, one half of the real estate of which said person died seised goes to the surviving husband or wife, and one half to the child. If more than one child survived, then one third to the surviving husband or wife, and the balance to be divided equally among said children. In case of no children, then there are provisions for father and mother, brothers and sisters, inheriting half of the estate. In certain contingencies the surviving husband or wife receives all of the estate. The estate here provided for is a fee, or whatever estate the husband had in said real property at the date of his death. It appears to me to be within the object of such a statute to abolish dower and curtesy. If either of these existed, they would interfere with, and cloud, the estates provided for in that statute, as inherited by the persons therein named. Take, for instance, a case where one half of the estate would go to the wife, and one half to a child. How would dower be allotted? One third out of the whole estate? Then the one third of the child's estate would have charged upon it this life estate. The mother, it is true, would have her estate charged with the same, or merger would take place. But this is not what was contemplated by the statute. I might refer to other provisions of that statute which I am sure would show that the legislature did not wish the estates inherited should be charged with any such estates as those of dower or curtesy. It was, then, of necessity, the right of the legislature, by positive statute, to prevent the complications which might arise if these rights existed, and do it in the same law or statute where they were providing for the estates to be inherited. Why should another statute be resorted to, to define and clear the titles provided for in this?

There is another point to be considered. In this statute a more valuable provision for the wife was made than the old right of dower. This has been proven to be so in practice. In providing for larger rights, was it not within the object of such a statute to abolish the lesser? I think it was. Judge Cooley, in his work on Constitutional Limitations, (section 144,) in writing upon this subject, says:

"The general purpose of these provisions is accomplished when a law has but one general object, which is fairly indicated by its title. To require every end and means necessary or convenient for the accomplishment of this general object to be provided for by a separate act, relating to that alone, would not only be unreasonable, but would actually render legislation impossible."

In discussing such constitutional provisions as the one under consideration, in Sutherland on Statutory Construction, (section 92,) I find the following:

"In cases not clearly within the mischief intended to be remedied by requiring the subject or object of an act to be single and expressed in the title, legislation will not be adjudged void, on any nice or hypercritical interpretation. Sound policy and legislative convenience dictate a liberal construction of the title and subject-matter of statutes to maintain their validity. Infractions of this constitutional clause must be plain and obvious."

The same rule is expressed in End. Interp. St. § 59.

With these views of that statute, and the rules of law above expressed, the contention of appellant upon this point cannot be maintained.

In regard to the last of the above statutes the appellant urges that, by an express statute, it is confined to cases of dower, where the right accrues after the passage of the act. That express statute is as follows:

"This act shall not be construed to operate retrospectively, and any right established, accrued, or accruing, done prior to the time this act goes into effect, shall be governed by the law in force at the time such right was established or accrued."

As before stated, the provision of the statute now for consideration was one of the provisions of an act defining the property rights for husband and wife. In this act community property is established, and the incidents in regard to such property regulated. The above provision applies to the whole of this act. Considering the nature of the right to dower before the death of the husband, can it be said to be one established, or accrued or accruing? If it can be wholly taken away by statute, it is not established or accrued. Can it be said to be an accruing right, that is, one that is increasing or enlarging or augmenting? It is true that the possibility of dower may at times be said to be approaching the time when it will be realized. But this is another thing from saying that the right is increasing or augmenting. The possibility or expectancy may become stronger or greater as the husband's death approaches, but not the right. That remains the same. I am satisfied the construction sought to be placed upon this is not correct, and that it does not apply to a dower right that has not become a vested one. To hold that it did would mar the statute in which it is found materially, and be inconsistent with its manifest intent. If I should be wrong in this, the former statute I have considered would be sufficient upon which to determine this case. Holding, then, that, under the laws of Washington Territory, appellant had no dower in the lands described at the time of her husband's death, the judgment of the court below must be affirmed, and it is so ordered.