BLAKSLEE, PERRIN & DARLING v. OCEAN ACCIDENT & GUARANTEE CORPORATION, Limited.

(District Court, W. D. New York. October 21, 1913.)

REMOVAL OF CAUSES (§ 2*)—JUDICIAL CODE—CONSTRUCTION—RIGHT OF ACTION "ACCRUING."

Defendant issued a policy of credit insurance by which it insured plaintiff for one year against loss on provable bad debts arising on sales of merchandise above an initial loss of a stated per cent. on the first $200,000 of sales and a smaller per cent. on sales above that amount. About March 1, 1912, plaintiff made a sale which resulted in a loss above the specified percentage. *Held*, that a right of action did not accrue on the policy until at least that date, nor was such right "accruing" prior to such sale within the meaning of Judicial Code, § 299 (Act March 3, 1911, c. 231, 36 Stat. 1169 [U. S. Comp. St. Supp. 1911, p. 246]), providing that the repeal or amendment of existing laws by such Code shall not affect any "right accruing or accrued," and that an action on the policy commenced after January 1, 1912, when the Code took effect, and involving less than the $3,000 required thereby to give a District Court jurisdiction, was not removable.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 2, 3; Dec. Dig. § 2.*

For other definitions, see Words and Phrases, vol. 1, pp. 101, 102.]

At Law. Action by Blakslee, Perrin & Darling against the Ocean Accident & Guarantee Corporation, Limited. On motion to remand to state court. Motion granted.

H. D. Blakeslee, Jr., of Buffalo, N. Y., for plaintiff.

Wright & Mitchell, of Buffalo, N. Y. (Wm. Burnett Wright, Jr., of Buffalo, N. Y., of counsel), for defendant.

HAZEL, District Judge. This is a motion to remand this action to the state court on the ground that under the Judicial Code, which went into effect January 1, 1912, the amount involved, $2,406.92, is insuffi-

cient to confer jurisdiction on this court; the required amount being in excess of $3,000. But the repealing act contains a saving clause (section 299) which provides that it shall not affect "any act done, or any right accruing or accrued," and the question presented is whether the right of action is based upon a right accruing at the time the act went into effect.

Under the policy of credit insurance issued by the defendant corporation, the plaintiff was insured against loss on provable bad debts arising on sales of merchandise from December 1, 1911, to November 30, 1912, over and above an initial loss of one-half of 1 per cent. on the gross aggregate amount of plaintiff's sales up to $200,000, and nine-twentieths of 1 per cent. of such sales in excess of said amount. The defendant contends that in credit insurance the right of action does not accrue at the time the loss is actually sustained but is a right accruing continuously from the date of the policy, and that the right to sue on the policy depends not upon the amount of the bad debts but upon the sales of merchandise made by the insured during the time the policy was in force. I do not agree with this contention. I cannot conceive of any right of action in the insured against the insurer until there had been at least a sale to the debtor. Concededly there was no loss until after March 1, 1913, at about which time the merchandise was sold.

The fallacy of defendant's argument appears clearly, I think, when consideration is given to the precedent conditions of the policy, namely, that the insured after sustaining loss of an account must notify the insurer of the insolvency of the debtor, file proof of claims, and afford an opportunity for arbitration before beginning an action to recover on his policy. Under these circumstances I am disinclined to hold that the saving clause contained in section 299 of the Judicial Code applied to any other rights of action than such as were accruing or had accrued prior to January 1, 1912. The term "accruing" plainly implies a liability that is in the act of accruing, or that is happening in due course, or that is increasing, enlarging, or augmenting. Richards v. Bellingham Bay Land Co., 54 Fed. 209, 4 C. C. A. 290. If the debt had been created before the Judicial Code went into effect, then it might safely be held that, while the right of recovery on the policy had not accrued, there was nevertheless an accruing right which was litigable in this court.

But as the particular debt was then nonexistent and the loss in question unsustained, I hold that there is no enforceable right of which this court has jurisdiction, and the action is remanded to the state court.