Galbraith, J.
. This action was brought by the guardian of minor-grandchildren of William Lape, deceased intestate, against said deeed *393 ent’s children, widow, and other grandchildren for partition of certain land of said decedent and for an accounting, plaintiff’s wards’ father, through Whom they claim, being also deceased.
To the first cause of action of the amended petition, a demurrer is interposed on behalf of defendant, Sarah A. Lape.
Such cause of action alleges that Sarah A. Lape is the widow of William Lape, deceased, and is entitled to dower in the premises.
The first ground of demurrer is “general”; the second ground asserts: “Said first cause of action in said amended petition does not set up a partitionable interest in the plaintiff or her wards in the premises described in the said amended petition.”
The amended petition attempts to, and possibly does, follow a usually accepted form, although to a careful pleader it may seem deficient in some respects.
However, the attorney for demurrant asserts that he seeks to raise the single question, Have heirs the right to have partition where there is an existing dower interest in the entire property ?
lie contends that a widow’s doiver right is an estate for life against which remaindermen can not have partition; and he asserts that there is no reported decision in Ohio which determines this question either way, but that Ohio courts have ruled both ways.
Prom nearly a quarter of a century’s practice, and a greater period. of connection with the courts, this court can say that in this county and in some other counties of this state, from personal experience and observation, it has never known the question to be answered other than in the affirmative, and as a matter of adopted practice this court would hold, without memoranda, that the demurrer is not well taken and should be overruled; but, on request of counsel, the court will endeavor to set forth on principal and authority why such ruling is correct.
Counsel for demurrant cite and comment on G-. C. of Ohio, Sec. 12026 2 O. S., 207, 16 O. S., 218, 89 O. S., US, 30 Cyc., 180, G. C. of Ohio, Secs. 8606, 8616, 12005, 12018, and 12019, also 112 Mass., 42, and 32 Iowa, 399.
*394 Counsel for plaintiff cite and comment on G-. C. of Ohio, Sees. 12042, 12043 and 16 O. S., 218.
Reference will be made to sncb citations, as the court thinks applicable, hereafter, in the course of this opinion.
Is a dower right, unassigned, or dower estate as commonly-referred to, a life estate in its technical legal acceptation?
Estates — Definition:—“An estate in land is the degree, quantity, nature, or extent of interest which a person has in it. In its primary and technical sense the term ‘estate.’ refers only to an interest in land.” 16 Cyc., 599.
Classification-. — “A”—“Estates are classified (1) with regard to the quantity of interest which the tenant has in the tenement: (2) with regard to the time at which that quantity is to be enjoyed; and (3) with regard to the number and connections of the tenants.”
“B” — “With regard to the quantity of interest which the tenant has in the tenement, estates are classified as estates of freehold and estates less than freehold.” “An estate of freehold, in an estate of inheritance or for life in real property.” 16 Cyc., 601.
“Freeholds not of inheritance are estates for life only.” “Estates less than freehold are of three sorts;. — Estates for years, estates at will, and estates by sufferance.” 16 Cyc., 605.
“An estate for life is a freehold interest in land, the duration of which can not extend beyond the life or lives of some particular person or persons, but which may possibly endure for a period of such life or lives. Estates for life are either conventional, which are created by the acts of the parties; or legal which are created by construction and operation of law.” 16 Cyc., 614.
Ohio decisions have declared that a life estate is a freehold estate. 9 Dec. Rep., 302, 12 Bull., 119, 20 N. P. (N.S.), 317, 15 O. D. (N. P.), 129.
In Ohio a conventional estate for life to a wife may be created by deed or will; legal estates for life may arise by operation of law — by statute, such as under G-. C. of Ohio, Sec. 8573, Cl. 2.
*395 “Descent or hereditary succession is the title whereby a person on the death of his or her ancestor, acquires an estate, by right of representation, as an heir at law.” (Blackstone.) Freeman v. Allen, 17 O. S., 527.
“Descent is what takes place when land or some interest in land, or other realty belonging to a person, passes on his death intestate to some one related to him. (Rapalje & Lawrence Law Dictionary.)” Spangenberg v. Guiney, 20 N. P., 39; S. C. 3 O. D. (N. P.), 163.
“At common law an ‘heir’ is defined to be ;one who is born or begotten in lawful wedlock, and upon whom the law casts the estate in lands, tenements or heritaments> immediately upon the death of the ancestor.” Assn. v. Pollard, 3 O. C. C., 577; 2 O. C. D., 333.
“An heir at common law is one who, after his ancestor’s death, has a right to inherit all the intestate’s estate. Ober v. Hickox, 19 O. C. C., 42; 10 O. C. C., 128.
Strictly speaking, or technically, a surviving husband or wife is not an heir of the other, in Ohio.
By the laws of descent of Ohio, an intestate’s real estate passes to his children, or their heirs, or in the absence of such heirs, to others specially designated by statute. G-. O. of Ohio, Secs. 8573, 8574 et seq.
Their right to such property, however, being subject to a lien or incumbrance — dower—in favor of decedent’s widow, if one survives, which right of dower is established by statute — 0. C. of Ohio, 8606.
The present wording of this statute is as follows:
“A widow or widower who has not relinquished or been barred of it, shall be endowed of an estate for life in one-third of all the real property of which the deceased consort was seized as an estate of inheritance at any time during the marriage, etc.”
The court has italicised the words upon which, possibly, demurrant largely bases his contention.
Prior to the last amendment this statute read:
*396 “That the widow of any person dying shall be endowed of one.full and'equal third part of all the lands, tenements, and real estate of Which her husband was seized as an inheritance at any time during the coverture, etc.” See 55 O. L., 24, Sec. 1; 1 S. 7 C. R. S., page 516.
Dower right is a statutory right. It does not rest upon any right of contract between the parties; and is entirely subject to legislative control. Rockels Probate Pr. Sec. 943; 6 O. S., 547; 140 F. D., 364.
Dower is not a freehold estate — “Prior to the assignment of her dower the widow has no vested free-hold estate undér the common law, she is not seized of any part of her deceased husband’s lands, but her right is for most purposes nothing more than a right of action.” 14 Cyc., 960-1.
“'Since the right of dower before assignment is not an estate, but a mere right of action, the widow can not maintain an action for partition against her husband’is contenajnti. ” 14 Cyc., 961.
“Until the assignment of dower a widow has no right under her claim, of dower to enter and occupy any portion of her husband’s estate, unless such right is given by statute.” 14 Cyc., 962.
“Dower unassigned is a mere right of action, and nothing more.” Rayner v. Lee, 20 Mich., 384, 386.
“Dower before assignment is purely an equitable right, which confers no specific estate or interest in the land that can be sold or assigned. Turnipseed v. Fitzpatrick, 75 Ala., 297, 303 (citing Barber v. Williams, 74 Ala., 331).”
“The right of dower in a married 'woman is a mere intangible, inchoate, and contingent expectancy, and even in a widow, until it is assigned, it is no estate in the land; but it is a right resting in action only, and can not be aliened. Blain v. Harrison, 11 Ill. (1 Peck), 384, 385; McNeer v. McNeer, 32 N. E., 681, 683, 142 Ill., 388, 19 O. R. A., 256.”
“Until there is an actual admeasurement of the dower, it is *397 a mere potential interest, amounting to nothing more than a chose in action, and is not subject to seizure and sale by execution at law. The wife has no interest or estate in the lands, and her deed operates, not as a grant, but as an estoppel.” Traders’ Ins. Co. v. Newman, 22 N. E., 428, 430, 120 Ind., 554.
“While it is true that the wife’s inchoate right of dower is a mere intangible expectancy, and is not, strictly speaking, an estate in land, and does not even rise to the dignity of a vested estate, it is a valuable right, which the law will protect as possessing elements of property.” Morgan v. Wickliffe (Ky.), 70 S. 8., 680, 681 (citing Helm v. Board (Ky.), 70 S. W., 67; Petty v. Petty, 43 Ky. (4 B. Mon.), 215, 39 Am. Dec., 501).
“Dower is not an estate in land, vested or otherwise. It is a right without value, unless by some modern methods a possibility may be valued. A possibility or contengency is not an estate. It may be affirmed generally, where a right is given by law, until that right becomes vested in some way in property, the law may be changed or repealed, and the right taken away. Dower does not become a vested right in the wife until the death of her husband. A possibility of dower is no vested right in the estate of dower, or anything the law recognizes as property.” Richards v. Bay Land Co. (U. S.), 54 Fed., 209, 211, 4 C. C. A., 290.
“Dower is not an estate in land, vested or otherwise.” McKelvey v. McKelvey, 89 Pac., 663, 666, 75 Kans., 325, 121 Am. St. Rep., 435.
And Ohio courts have held:
“Dower is a claim flowing from marriage.” Dunseth v. Bank, 6 O., 76.
“Dower inchoate is not an estate; it is a right, or interest, in the husband’s land created by laiv for the wife’s benefit. It is contingent upon • the wife surviving the husband. It then ripens into a right that she may demand and have it assigned to her.” Dukes v. Dukes, 4 O. C. C., 510; 2 O. C. D., 676.
“Dower is not an estate until assigned.” McArthur v. Franklin, 16 O. S., 193.
“A dower interest of either husband or wife under G. C., *398 8606 and 8607, is of the same character as the wife’s dower was previously; the word ‘estate’ (used in the amendment) does not change it.” McClaren v. Stone, 18 O. C. C., 854; 9 O. C. D., 794.
In the opinion of this court the words “an estate for life in” were inserted in the last amendment of our dower statute to specially indicate the time of the continuance or duration of the dower right, rather than to establish it as an “estate” in the property to which it attaches.
The interest of a dower estate, or right, as it existed, and as recognized before our act was amended, or in fact passed, was an interest that was to be set apart to the widow for her support, by meets and bounds- — -one-third of the land of the decedent; if that could not be done then she was to have set off to her a certain portion of the rents and .profits.
Of cases cited by demurrant — The Tabler case in 2 O. S., 207, by Judge Ramsey, presents a different question than the case at bar.
In that case the whole of the land sought to be partitioned had, previously, been assigned to the widow as her dower.
In the opinion the -court cites, among other cases to like effect, the case of Brown v. Brown, 8 N. H., 93, in which the court said “No case is to be found that gives the slightest contenance to the supposition, that, where several are interested together in a remainder, after a freehold estate, any of them can maintain a petition for partition of the land in which they are so interested.
The court in the Tabler case, undoubtedly, based its conclusion that there was no right to partition upon the- supposition or theory that the dower interest of the widow constituted a life estate — a freehold, although the court did not so state in express words.
In view of the numerous authorities heretofore cited I am of the opinion that if such was the basis of the court’s conclusions it was wrong; but, as said before, the existing interest of the widow in -such case was different from that of the case at bar *399 and from a careful reading it appears that such case does not sustain demurrant’s contention in this case.
The Fritz case, in 16 O. 'SI, 218, was not admitted for general hearing and disposition by the Supreme Court. It is an overruling of motion for leave to file petition in error to the district court which had affirmed the common pleas on the sustaining of demurrer of a widow — dower tenant — to an action for partition by brpthers or nephews, after the widow had elected not to take under the husband’s will — he leaving no children. After such election the widow, under the statute, would only take as though her husband had died intestate and left children — a dower estate.
No authorities, upon which the court’s ruling is based, are cited. The facts are meagerly set forth,
This court must assume, in the absence of any showing to the contrary, that the action of the court in this case was based upon the authority of the Tabler case, and that for the reason already stated this case does not sustain demurrant’s contention.
In the Eberle case, 89 O. S., 118, the facts disclose the existance of an unquestioned life estate created by ivill. accepted by election, consequently the remaindermen had no right to partition during the continuance of the life estate.”
While this case approves the principal of the Tabler ease it does not necessarily approve the facts upon which the last mentioned case was decided, i. e., that a dower interest, unless assigned and covering the entire property, constitute a life estate, and for reasons heretofore suggested, to the mind of this court it does not sustain demurrant’s contention nor apply to the conditions of the case at bar.
Undoubtedly demurrant herein had all of the rights authorized by G. C., 12005, 12018 and 12Ó19, but so far as the matter now before this court is concerned she never has sought to exercise the same.
G. C., 12042, and 12043, cited by counsel for plaintiff, make ample provision for the protection of a widow’s rights in a partition case, Where dower has not already been assigned to her in the whole of the tract sought to be partitioned.
*400 Counsel for demurrant claims that the provisions of G. C., 12042, can not be forced upon a widow, but in the opinion of this court his suggestion is based' upon the assumption that a dower interest is a life estate, and the facts as presented by the amended petition and demurrer do not warrant such assumption nor claim.
In the opinion of the court a dower interest, unassigned, is not a life estate, nor such an estate in lands as will prevent a partition by heirs.
For the foregoing reasons the demurrer to the amended petition is overruled with exceptions.